[Sac. No. 1111.  Department One.—August 5, 1903.]

## WOOD, CURTIS & CO., Respondent, v. HERMAN MINING COMPANY et al., Defendants; H. A. TUBBS et al., Appellants.

CHANGE OF PLACE OF TRIAL—NON-RESIDENCE OF DEFENDANTS—OBJECTION OF CO-DEFENDANTS.—Where all the defendants in an action were non-residents of the county in which the action was brought, and those served with summons and one other defendant united in a proper application to change the place of trial to the county of their residence, they were entitled to such change, notwithstanding the objection of other non-resident co-defendants who had subsequently voluntarily appeared, answered to the merits, and opposed the change at the hearing.

ID.—RIGHT NOT WAIVED—MOTION TO STRIKE OUT.—The filing of a motion to strike out parts of the complaint contemporaneously with the filing of a demurrer, whether under a rule of the court or otherwise, does not waive the rights of the defendants to a change of the place of trial upon a proper showing.

ID.—NOTICE TO CO-DEFENDANTS—APPEARANCE AT HEARING—WAIVER OF SERVICE.—No notice of the application for a change of the place of trial need be given to non-resident co-defendants who had not been served with summons nor made an appearance when the application was served and filed. By voluntarily appearing at the hearing, they

had actual notice thereof, and cannot be heard to complain of want of notice, but must be deemed to have waived previous service of the moving papers.

APPEAL from an order of the Superior Court of Sacramento County refusing to change the place of trial of an action. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, and Reed & Nusbaumer, for Appellants.

L. T. Hatfield, for Respondent.

CHIPMAN, C.—Certain four defendants appeal from an order denying their motion to change the place of trial from Sacramento County to Alameda County, the place of their alleged residence. The action is to recover for merchandise alleged to have been sold and delivered by plaintiff and certain assignors of plaintiff to defendants. Summons was duly served on defendants Henshaw, H. A. Tubbs, and Greenwood, on April 7, 1902, and defendant Susan A. Tubbs voluntarily appeared, together with the other defendants last above named, and joined with them in the proceeding herein. On April 28, 1902, appellants (defendants last above named) served on plaintiff's counsel written demand and notice of motion for a change of the place of trial, on the ground that none of the defendants resided in the city of Sacramento at the commencement of the action, and on the same day served on said counsel and filed a demurrer to the complaint, also an affidavit on motion to change the place of trial, also a written notice of motion to strike out parts of said complaint, all of which appear in the bill of exceptions. The motion to change the place of trial came on regularly to be heard on May 9, 1902, at the hour of 1:30 P. M. and said motion to strike out part of plaintiff's complaint was on the calendar for hearing at said time, but was not heard. At the hearing, Grove L. Johnson, Esq., stated that he represented the defendants Byrne, Fitzpatrick, and Pratt, and that said defendants had appeared and answered, and that no objection was made by said defendants represented by him to the trial of said action in the county of Sacramento, and said last-named defendants,

and each of them, objected to and resisted the motion to change the place of trial. Mr. Johnson further objected on the ground that none of the moving papers upon the motion to change the place of trial had been served upon him as attorney for his said clients (defendants) and that their answer "was filed on the same day herein upon which the motion for a change of the place of the trial was filed herein, and the said answer was the first appearance of said defendants in said action." Counsel for appellants were for the first time apprised of the matters stated by Mr. Johnson at the time he made his statement. The affidavit in support of the motion showed that the moving parties resided in Alameda County, and were not residents of Sacramento County, and it avers "that the affiant and the other defendants hereinabove named have each and all fully and fairly stated the facts of the case to (naming their attorneys), who upon such statement advised each and all of the defendants hereinabove named that they have, and each of them has, a good and substantial defense upon the merits of the action to this, which each and all of the defendants above named believes to be true." Plaintiff objected to the hearing of the motion, on the ground that by filing a motion to strike out material parts of the complaint defendants had thereby waived their right to demand a change of the place of trial; also, because defendants Fitzpatrick, Byrnes, and Pratt had answered to the merits of the complaint for trial in the superior court of Sacramento County; also, that defendant Crow had filed written protest and objection to granting any change of place of trial; also, because the affidavit of merits by defendant Tubbs "attempts to set forth what was in the minds of his associate defendants in said motion for change of place of trial," and the affidavit does not show compliance with the code provisions.

This is one of the actions which must be tried in "the county in which the defendants, or some of them, reside at the commencement of the action" (Code Civ. Proc., sec. 395), but which may be tried in the county in which it is commenced, "unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county" (Code Civ.

Proc., sec. 396),—i. e. in the county in which the defendants, or some of them, resided at the commencement of the action. It has been decided that where all the defendants *who were served or who have appeared in the action* united in a demand to have the trial changed to the county of their residence, the order to have it tried there was correct. (*Rathgeb* v. *Tiscornia*, 66 Cal. 96; *McSherry* v. *Pennsylvania Consolidated G. M. Co.,* 97 Cal. 637.) In the present case the defendants who had been served made the demand, but other defendants appeared voluntarily, and answered and opposed the demand, and requested that the trial proceed in Sacramento County. It appeared, however, from the affidavit of the moving defendants, and is uncontradicted, "that none of the defendants named in the complaint on file herein did at the commencement of the action, or since, or now, reside in said county of Sacramento." This was a compliance with section 395 in that regard. (*Greenleaf* v. *Jacks*, 133 Cal. 506.) The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. The consent of certain defendants not residing in the county where the action is brought could not take away from the defendants who did not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395. In *Greenleaf* v. *Jack*, 135 Cal. 154, some of the defendants resided in San Luis Obispo County when the action was commenced, and other defendants resided in San Francisco, which latter defendants made a demand to change the place of trial, the resident defendants consenting to the change. It was held that plaintiff had the right to bring and prosecute the action in San Luis Obispo County, and that such right could not be taken away by the consent of the resident defendants. So here the moving defendants had the right to have the place of trial changed to the county of their residence, *if all the defendants resided out of Sacramento County,* and that right could not be taken away by the consent of some of these defendants to have the trial in Sacramento County.

The affidavit of merits was similar to that in the McSherry case (95 Cal. 637), and was sufficient.

The point made by respondent, that defendants waived their right by their motion to strike out certain portions of the complaint, we think not well taken. Section 396 of the Code of Civil Procedure requires the demand to be made by the defendant at the time he appears and answers or demurs, filing also an affidavit of merits. He must either appear by answer or demurrer, and if he does either he is entitled to be heard on his motion. We see no reason why the defendants in the present case could not also file a motion to strike out parts of the complaint. The purpose of the statute is to require the defendant to appear, and also to show that he has a meritorious defense. He must appear either by answer or demurrer, but this does not preclude his making a motion to strike out portions of the complaint. There was a rule of the trial court reading: ''A motion to strike out any portion of a complaint must be made before answering, and before or at the time of demurring.'' It was in compliance with this rule that the motion was made. · Regardless of this rule, however, we think the motion was no waiver of defendants' rights.

It is claimed by respondent that under sections 1014 and 1015 of the Code of Civil Procedure the defendants represented by Mr. Johnson should have been given notice of the proceeding. They had not been served, and had not appeared, when appellants filed their motion; they appeared by counsel voluntarily at the hearing of appellants' motion and filed their answer and objection, and then, for the first time, appellants had notice of their appearance. They also, by counsel, took part in the hearing of appellants' motion. If it be assumed that co-defendants are adverse parties (Code Civ. Proc., sec. 465) as well as the defendants, and are entitled to service of the motion, these defendants represented by Mr. Johnson not having appeared when the motion was served and filed, service was not required upon them. (Code Civ. Proc., sec. 1014.) If it be said that they appeared at the hearing of the motion, and should then have been served, the answer is, that they had actual notice, took part in the hearing, and cannot be heard to complain, and must be deemed to have waived previous service of the moving papers.

The order should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Shaw, J., Van Dyke, J., Angellotti, J.

Hearing in bank denied.