[Civ. No. 263.   Second Appellate District.—October 18, 1906.]

LUDINGTON EXPLORATION COMPANY et al., Respondents, v. LA FORTUNA GOLD AND SILVER MINING COMPANY et al., Appellants.

VENUE OF ACTION—FOREIGN CORPORATIONS.—Assuming that foreign corporations may be sued in any county that plaintiff may designate, such right can exist only in a case where they are the only defendants.

ID.—QUESTIONS DISREGARDED—PERSONAL DEFENDANTS—RIGHT OF ONE TO CHANGE VENUE.—Disregarding the question whether foreign corporations defendants joining in an application to change the venue to the county of their place of business, with a nonresident personal defendant residing in that county, are entitled to such change; and disregarding all fictitious defendants as parties not interested, where two nonresident personal defendants are residents of the same county, and one of them has not joined in the application, the personal defendant applying is entitled to have the venue changed to the county of their residence.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to change the place of trial to the city and county of San Francisco.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

E. J. Baumberger, for Appellants.

A. D. Warner, for Respondents.

THE COURT.—Appeal from an order denying the motion of corporation defendants and Neumann to change the place of trial from the county of Los Angeles to the city and county of San Francisco.

It appears from the defendants' affidavits: That the two corporations have their principal place of business in the city of San Francisco, and that that is the place where the contract was made and is to be performed; that defendants Neumann and Oliver are both residents of San Francisco, and were so at the time of the beginning of this suit; and that the fictitious defendants are not, nor is any one of

4 Cal. App.—24

them, a necessary party to this action, nor have they any interest therein.

The briefs of the counsel are largely devoted to the proposition of the respondents, that the corporation defendants are nonresidents of the state and may therefore be sued in any county which the plaintiffs may designate. But assuming that this is the case, the right of the plaintiffs to sue them in any county could exist only in a case where they were the only defendants (Code Civ. Proc., sec. 395), and here it appears that there are two other defendants, Neumann and Oliver, both of whom are residents of the state.

We may disregard, also, as a point that need not be decided, the claim of the appellants that under the provisions of article XII, section 16, of the constitution, these corporations have a right to a trial of the case in the city and county of San Francisco; and, on the other hand, the fictitious defendants named in the complaint may be disregarded as not being parties to the action, or, at least, as not being necessary or proper parties, or interested in the action. Of the remaining defendants, Oliver does not join in the motion; but it appears that he, as well as Neumann, the moving defendant, is a resident of the city and county of San Francisco. The case, therefore, comes directly within the decision in *Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713, [73 Pac. 588], where it is held that where all the defendants in an action are nonresidents of the county in which the action is brought, any of the defendants residing in another county are entitled to a change of the place of trial, notwithstanding the opposition of the other defendants; and upon the authority of this decision, the order appealed from must be reversed. It is so ordered.