[Civ. No. 592. Third Appellate District.—August 30, 1909.]

ULETTA PITTMAN, as Administratrix of Estate of CHARLES E. ALLEN, Deceased, Respondent, v. HARRY J. CARSTENBROOK, JOHN D. CARSTEN-BROOK, and W. A. BECHTEL, Partners, etc., Respondents, and SOUTHERN PACIFIC COMPANY, Appellant.

VENUE—TRANSITORY ACTIONS—CHANGE TO PLACE OF RESIDENCE OF PERSONAL DEFENDANTS—FOREIGN CORPORATION NOT UNITING.—Where a transitory action is brought in a county outside of the residence of the personal defendants, the fact that a foreign corporation codefendant did not unite in the demand for a change of the place of trial to the county of their residence cannot affect their right to such change, in the absence of any showing that the original venue was the county in which the foreign corporation has its principal place of business in this state.

ID.—RIGHT OF VENUE IN COUNTY OF RESIDENCE OF PERSONAL DEFENDANTS.—The plaintiff had the right to lay the venue in the county of the residence of the personal defendants and make the foreign corporation a codefendant therein, where it appears that the acts of negligence of which the plaintiff claims were committed therein, although the cause of action is transitory. Under the showing made, such county is the proper county in which to try the case, while the original county of the venue was not the proper county.

ID.—CASE NOT TO BE TREATED AS IF FOREIGN CORPORATION WERE RESIDENT.—Where it was shown that the corporation defendant was incorporated under the laws of Kentucky, and there is no countershowing as to its residence in the county of the original venue, the case cannot be treated as though it were a resident of that county.

ID.—NONRESIDENT DEFENDANTS NOT ENTITLED TO CONTROL VENUE.—Defendants who are nonresidents of the state are not entitled to change or control the venue of the action; and their joinder cannot deprive the other defendants of their right to change the place of trial to the county of their residence.

ID.—RIGHT TO CHANGE NOT WAIVED BY AMENDED DEMURRER.—An amended demurrer relates to the time of the filing of the original demurrer, and may be made of course under section 472 of the Code of Civil Procedure; and it cannot be held that the defendant thereby waived its previous motion to change the place of trial, upon a demand and affidavit of merits made at the time of filing the original demurrer, where the motion was not heard at the time of filing the amended demurrer.

ID.—WAIVER OF RIGHT, HOW MANIFESTED.—Though the privilege of a change of venue may be waived expressly or impliedly, yet in order to constitute such waiver there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance for the trial of questions of fact or of law.

ID.—SUFFICIENCY OF AFFIDAVIT OF MERITS—STATEMENT OF FACTS OF CASE TO DEFENDANT'S ATTORNEY.—An affidavit of merits stating that the defendants "have fully and fairly stated all the facts in the case to their *attorney*" named is sufficient without expressly stating that he was their "counsel" in the case, since under the provision of chapter I of title 5 of the Code of Civil Procedure, the words "attorney," "counselor" and "attorney at law" are used synonymously. Such affidavit substantially declared that they had fully and fairly stated all the facts in the case to one who was their attorney and counselor in said cause, etc.

ID.—PLACE OF RESIDENCE OF ATTORNEY IMMATERIAL.—If it be considered that it must appear that the facts must be stated to some "counsel skilled in the law," the place of residence of the attorney consulted is immaterial, it being presumed that attorneys of any county measure up to that requirement.

ID.—ABSENCE OF IMPROPER DISCRIMINATION AGAINST DEFENDANT CORPORATION.—There is no question of discrimination in this case between a natural and artificial person, or between a domestic and foreign corporation, since, in the last analysis, the decision of the lower court simply means that in a transitory action, certain defendants who reside in another county are entitled to have the cause tried in that county, as against a defendant not residing in the state.

APPEAL from an order of the Superior Court of Sacramento County changing the place of trial of an action. C. N. Post, Judge.

The facts are stated in the opinion of the court.

Wm. H. Devlin, for Appellant.

W. H. Carlin, for Defendants-Respondents.

BURNETT, J.—The appeal is from an order granting the motion of the defendants other than the Southern Pacific Company for a change of place of trial from the county of Sacramento, in which the action was brought, to the county of Yuba, the residence of two of said defendants.

11 Cal. App.—15

Appellant contends that the order was erroneous for the following reasons: "1. The defendant, Southern Pacific Company, had appeared in the case, filed a demurrer after having been previously served with summons and complaint, and did not join in the motion to change place of trial. Hence the motion should not have been granted; 2. The moving defendants waived their motion to change place of trial by filing an amended demurrer before presenting their motion; 3. The moving papers were insufficient; 4. Sacramento county was the proper county in so far as the defendant, Southern Pacific Company, was concerned, and hence the other defendants could not remove the cause to the county of Yuba."

Appellant states the rule too broadly in the declaration "that all necessary defendants who have been served or who have appeared must join in the motion to change place of trial," although it is so expressed in some of the decisions. For instance, in *Pieper* v. *Centinela Land Co.*, 56 Cal. 175, it is said: "Under these circumstances, all the defendants should have joined in the motion, and as they did not do so, the motion was properly denied." While the decision was based upon the ground that Martin, the defendant, who did not join in the motion, was a necessary party, it can be justified upon the theory that it did not appear that the said Martin was not a resident of the county where the action was brought. The general rule as stated by appellant is subject to the qualification that the county in which the action is brought is the proper county for the trial of the action, and this depends upon the character of the proceeding or the residence of the defendant or defendants. It appears that the acts of negligence of which complaint is made were committed in Yuba county, and therefore, while it is not a local action, as far as appellant is concerned, the venue could have been laid in said Yuba county. (Const., art XII, sec. 16.) If it had been shown that its principal place of business was in Sacramento county, then, under this provision of the constitution, plaintiff had the privilege of bringing the action therein, but it does not so appear, and we need not consider the question whether in that event, notwithstanding this privilege, the other defendants could have the cause transferred to the place of their residence. It has been so held in *Griffin & S. Co.* v. *Magnolia etc. Co.*, 107 Cal. 380, [40 Pac. 495], and in *Fresno*

*Nat. Bank* v. *Superior Court*, 83 Cal. 491, [24 Pac. 157]. We are aware, however, of the more recent case of *Grocers etc. Union* v. *Kern etc. Co.*, 150 Cal. 466, [89 Pac. 120], modifying the earlier decisions and holding that no discrimination can be made in the change of venue between the corporation and the individual. The question, though, is foreign to the discussion, as, treating appellant exactly as a natural person, the case is one contemplated by section 395 of the Code of Civil Procedure that "In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action." The evidence introduced shows that some of the defendants resided in Yuba and none of them in Sacramento. Therefore Yuba is the proper county for the trial and Sacramento is not. There is no sort of contention about the residence except an intimation that the case should be treated as though the corporation were a resident of Sacramento county. But the affidavit of the moving parties is that appellant is a resident of Kentucky, and there is no counter showing even to the effect that it has its principal place of business in said Sacramento county. We must be governed, of course, by the showing made, and therefore it must follow that the respondents who resided in Yuba county had a right to invoke section 396, Code of Civil Procedure, providing that "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." The decisions of the supreme court are in harmony with the views herein expressed. In *O'Neil* v. *O'Neil*, 54 Cal. 187, it is held that where the action is to determine rights to real estate against several parties, each defendant is entitled as a matter of right to have the action tried in the county in which the real estate is situated, and it is said: "There is nothing in the provisions which require all the defendants to join in claiming such a right. . . . Each defendant may waive it for himself, but the waiver of one cannot be used to prejudice or destroy the right of another."

In *McKenzie* v. *Barling*, 101 Cal. 460, [36 Pac. 8], a personal action, one of the defendants who was a necessary and

proper party was a resident of Fresno county where the action was brought. He did not join in the motion for a change of venue, and it was correctly held that Fresno was not an improper county for the trial within the rule as accurately stated therein: "Where in a case coming under section 395 of the code any of the defendants reside in the county in which the suit is brought, a motion to change the place of trial to a county in which others of the defendants reside will not be granted unless all of the defendants join in the motion, or unless good reason is shown why they have not so joined."

In *Banta* v. *Wink*, 119 Cal. 78, [51 Pac. 17], the action was for the purpose of having it adjudged that the plaintiff is the owner of an undivided interest in all the property, business, proceeds and profits of an alleged copartnership and for an accounting thereof, and it was held that it must be tried in the county in which the defendants or some of them reside at the commencement of the action, and it was stated that "As defendants Wink and Banta did not reside in this state, they could not move for a change of venue, but that fact did not deprive the other defendants of the right to have the case tried in the county in which they, or some of them, resided at the commencement of the action. It is only when none of the defendants reside in the state that the action may be tried in any county which the plaintiff may designate in his complaint."

In *Greenleaf* v. *Jacks*, 133 Cal. 506, [65 Pac. 1039], it was not shown that none of the defendants resided in San Luis Obispo county, where the action was brought, and therefore, being a personal action, it was held, in line with the decisions cited, that the motion for change of venue was properly denied.

In the same case, appealed by another party, reported in 133 Cal. 154, it is held that since the cause of action arose in San Luis Obispo county and some of the defendants resided therein, "it was the right of the plaintiff to bring and prosecute the action in that county, and the consent of the resident defendants to change the place of trial to another county could not take away that right."

In *Wood, Curtis & Co.* v. *Herman Min. Co.*, 139 Cal. 713, 716, [73 Pac. 588], it appeared, as here, that none of the de-

fendants resided in Sacramento county, but some of them appeared voluntarily and requested that the trial proceed in said county, but the court said: "The consent of certain defendants not residing in the county where the action is brought could not take away from the defendants who did not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395."

The foregoing decisions make it perfectly clear that since the evidence showed that none of the defendants resided in Sacramento county and the moving parties resided in Yuba county, and the character of the action—it being personal or transitory—was such as to be properly tried in said Yuba county, the court below had no discretion, upon the showing made, but was compelled to grant the motion. It is unnecessary to consider the point made by respondents that it has been held that a foreign corporation cannot even demand or oppose a change of place of trial (*Thomas* v. *Placerville G. Q. M. Co.*, 65 Cal. 600, [4 Pac. 641]; *Wachter* v. *Atchison, Topeka & Santa Fe R. R. Co.*, 10 Cal. App. 70, [101 Pac. 41]), since if we concede that no distinction should be made between foreign and domestic corporations it does not aid appellant in view of what we have already noted as to its nonresidence in Sacramento county.

We do not think it can be held that respondents waived their motion for a change of place of trial by filing their amended demurrer prior to the hearing of the motion.

The statute provides that the affidavit of merits and the demand in writing for the change of the place of trial be filed at the time the defendant answers or demurs (Code Civ. Proc., sec. 396), and section 472, Code of Civil Procedure gives the defendant the right to amend the demurrer of course, and it would be a very harsh rule to hold that by following the statute the defendant waives a privilege conferred by the statute. The amended demurrer relates to the time of the filing of the original, and no more does one than the other manifest an intention to submit to the jurisdiction of the court.

It has been held that the affidavit of merits may be amended even after the time for filing the original affidavit has expired, and that the amendment relates back to the time of

filing said original. (*Palmer & Ray* v. *Barclay,* 92 Cal. 199, [28 Pac. 226].) In the Wood, Curtis & Co. case, *supra,* it was held that the defendants did not waive their privilege to have the place of trial changed by moving to strike out portions of the complaint. It is true that the privilege may be waived impliedly as well as expressly, but in order to do so there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance for the trial of questions of fact or of law. The filing of the amended demurrer does not indicate this intention, although it might just as well have been filed after the cause was transferred. The cases cited by appellant involve different facts and, as we view them, are of no assistance here.

The objection to the affidavit of merits is that it avers that the defendants "have fully and fairly stated all the facts of the case in the above-entitled action to their *attorney,* W. H. Carlin, of the city of Marysville," whereas it should "have stated that Carlin was their counsel in the case." The principal criticism seems to be that it does not appear but that Carlin was their attorney in fact, but upon reference to the provisions of the Code of Civil Procedure, title 5, chapter I, [sections 275-299], it will be found that "attorney," "counselor" and "attorney at law" are used synonymously, and it is undoubtedly true that in the court of common understanding there would be found no dissent from the opinion that the defendants intended to declare, and did substantially declare, that they had fully and fairly stated all the facts of the case to W. H. Carlin, who was their attorney and counselor in said cause, etc.

The affidavit seems to be in entire accord with the decisions. (*McSherry* v. *Penn. C. G. M. Co.,* 97 Cal. 637, [32 Pac. 711] ; *Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713, [73 Pac. 588].)

As suggested by respondents, we are not concerned with the wisdom of the choice of defendants as to their attorney, but in answer to appellant's statement that it should appear that the facts had been stated "to some counsel who is skilled in the law," it may be declared that either the counsel from Marysville or the one from Sacramento will measure up to the requirement.

The fourth proposition of appellant has perhaps been sufficiently covered by the foregoing. At the risk of repetition,

it is, however, submitted that while Sacramento may be regarded as a proper county, as far as appellant is concerned, for the trial of the action, for the reason that, being a foreign corporation, it may be sued in any county of the state, it has no right to demand that it be tried therein. This follows from the consideration that the right to sue appellant in said county is a privilege accorded to plaintiff, and obviously cannot be urged to defeat the right of the other defendants to demand that the action be tried in the county of their residence, which is the only proper county for them as well as for appellant. It must be plain that in any view appellant cannot resist the motion on the ground that Yuba is an improper county for the trial of the action. Even if it were a domestic corporation or a natural person it could not do so under the showing made. There is really no question here of any discrimination between a natural and an artificial person, or between a domestic and a foreign corporation, as in the final analysis the decision of the lower court simply means that in a transitory action certain defendants who reside in Yuba county are entitled to have the cause tried in that county as against a defendant not residing in the state.

We see no reason for disturbing the action of the trial court, and the order is therefore affirmed.

·Chipman, P. J., and Hart, J., concurred.