Royal Bank of Canada, Plaintiff and Appellant, *v.* A. Mc-Cormick Co. et al., Defendants and Appellees.

Appeal from the District Court of Ponce on Motion for Change of Venue in an Action of Debt.

No. 1582.—Decided April 12, 1917.

Venue—Residence of Defendant—Action of Debt.—When a personal action of debt is brought against only one defendant in a district other than that of his residence and he fails to move in due form for its transfer to the proper district, the court has jurisdiction of the action; but when the action is brought against two defendants who are residents of a district other than that in which the action was begun, a change of venue to the proper district should be granted on the motion of only one of them although the other makes no such motion. Neither the submission of one nor even his express consent that the court continue its jurisdiction of the case can deprive the other of his right under the law to have the case tried at the place of residence of both.

The facts are stated in the opinion.

*Messrs. José A.* and *Alberto S. Poventud* for the appellant.
The appellees did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal from an order of the District Court of Ponce of October 24, 1916, transferring an action to the District Court of Guayama.

On June 21, 1916, the Royal Bank of Canada filed a complaint against the corporation the A. McCormick Company and José Muñoz Vázquez in the District Court of Ponce praying that the defendants be adjudged to pay jointly and severally to the plaintiff the sum of $610, with legal interest

thereon from the date of the filing of the complaint, and the costs, expenses, disbursements and attorney fees.

The complaint alleges that on October 17, 1914, in the city of Guayama the A. McCormick Company, as principal debtor, and José Muñoz Vázquez and Clementina Texidor de Vergne, as sureties, signed a promissory note for $1,500, which is copied into the complaint, payable one year after date to the order of Smith & Nestle of New York, with interest at the rate of 6 per cent. The said note was endorsed to the plaintiff, the Royal Bank of Canada, co-surety Clementina Texidor de Vergne having paid her share of the amount secured, or $750, and the principal debtor having paid $200 on account of the whole indebtedness, there remaining a balance due of $550 principal and $60 interest to May 31, 1916, or a total of $610 which plaintiff seeks to recover from the defendants.

The defendants having been served with the summons and a copy of the complaint in the city of Guayama, on July 5 co-defendant José Muñoz Vázquez filed pleadings, in one of which he alleged jointly that the summons served was void and, as a demurrer, that the complaint did not state facts sufficient to constitute a cause of action against him, and that there was misjoinder of parties defendant, or defect of parties defendant. He also filed a motion for transfer of the case to the District Court of Guayama on the ground that both defendants resided in the city of Guayama. Accompanying the motion were affidavits signed by José Muñoz Vázquez, in one of which it was averred that both defendants resided in the city of Guayama, and in the other that defendant José Muñoz Vázquez had explained the case to his attorney and had been informed by him that he had a good defense on the merits of the case.

The other defendant, the A. McCormick Company, did not appear to plead to the complaint and the plaintiff moved to enter its default, but there is no showing that this was actually done.

On October 24, 1916, the court sustained the motion for change of venue, and, as we stated at the beginning, it is from this order that the plaintiff has appealed to this court.

The only ground assigned by the appellant for its appeal is that the District Court of Ponce erred in ordering the transfer of the case to the District Court of Guayama, seeing that the motion for transfer was made by defendant José Muñoz Vázquez only and was not joined in by co-defendant the A. McCormick Company.

In support of said assignment of error the appellant alleges that as the action is of a personal nature and defendant the A. McCormick Company, the principal debtor in the obligation sought to be enforced, submitted to the jurisdiction of the District Court of Ponce, the said court should retain its jurisdiction of the case, inasmuch as the said corporation did not join in the motion by its co-defendant José Muñoz Vázquez for change of venue, and no reasons have been given for its failure to do so.

Section 82 of the Code of Civil Procedure provides that "If the district in which the action is commenced is not the proper one for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

According to the foregoing provision, there is no doubt that if the A. McCormick Company had been the only party defendant and had not duly moved for a transfer of the action to the District Court of Guayama, the Ponce court might have retained jurisdiction of the same. But is this the case when there are two defendants, José Muñoz Vázquez and the A. McCormick Company, both of whom are non-residents of the judicial district of Ponce, where the action was begun, and only one of them applies for the transfer of the action to the District Court of Guayama?

The Code of Civil Procedure in sections 75, 79 and 80 establishes the rules of jurisdiction in certain civil actions, not including the case at bar which is a personal action of debt, and then in section 81 prescribes that in all other cases the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action. As is seen, the residence of the defendants, or some of them, is what governs the jurisdiction of the district courts in the cases referred to in section 81. If none of the defendants reside within the district, the court can acquire jurisdiction only by the submission of the parties; and if all the defendants are necessary parties and non-residents, the court cannot acquire jurisdiction by the submission of one or more of said defendants, but only by the submission of all of them.

It was so held by the Supreme Court of California in the case of *Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 716. This was an action of debt begun in the county of Sacramento against several defendants, some of whom moved to transfer the action to the county of La Alameda, the place of their alleged residence, while others submitted to the jurisdiction of the court of the county of Sacramento and opposed the motion to transfer, which was overruled. An appeal was taken to the Supreme Court of California, which reversed the court below and established the following doctrine:

"It appeared, however, from the affidavit of the moving defendants, and is uncontradicted, 'that none of the defendants named in the complaint on file herein did at the commencement of the action, or since, or now, reside in said county of Sacramento.' This was a compliance with section 395 in that regard. (*Greenleaf* v. *Jacks,* 133 Cal. 506.) The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. The consent of certain defendants not residing in the county where the action is brought could not take away from the defendants who did not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395. In *Green-*

*leaf* v. *Jacks,* 135 Cal. 154, some of the defendants resided in San Luis Obispo County when the action was commenced, and other defendants resided in San Francisco, which latter defendants made a demand to change the place of trial, the resident defendants consenting to the change. It was held that plaintiff had the right to bring and prosecute the action in San Luis Obispo County, and that such right could not be taken away by the consent of the resident defendants. So here the moving defendants had the right to have the place of trial changed to the county of their residence, *if all the defendants resided out of Sacramento County,* and that right could not be taken away by the consent of some of these defendants to have the trial in Sacramento County.''

Defendant José Muñoz Vázquez complied with all the requirements of section 82 of the Code of Civil Procedure and cannot be deprived of his right to the change of venue requested.

It is true that co-defendant the A. McCormick Company has made no objection to the jurisdiction of the Ponce court, but neither its silence nor even its open consent to the retention of jurisdiction by the said court can deprive the other defendant of the right which the law recognizes in him to demand that the action be tried at the place of residence of both defendants. The plaintiff has a right to bring and prosecute his action in the district where the defendants, or some of them, resided at the commencement of the action, and in the case at bar neither José Muñoz Vázquez nor the A. McCormick Company resided in the judicial district of Ponce, but in Guayama.

The cases cited by the appellant are applicable only when one or more of the defendants reside within the district in which the action was begun, and the court has jurisdiction over one or more of them for that reason.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.