[Civ. No. 4813.   First Appellate District, Division Two.—January 26,
1924.]

## D. J. PRENDERGAST, Respondent, v. MITCHELL–SIL-LIMAN COMPANY (a Corporation), et al., Appellants.

[1] Place of Trial—Motion for Change—Fictitious Defendants.—
Fictitious defendants are to be disregarded in determining a mo-
tion for the change of place of trial.

[2] Id.—Notice of Motion for Change—Right to Dismiss Action.
After service and filing of notice of motion for a change of venue,
accompanied by the necessary moving papers, and before presenta-
tion of the motion, the plaintiff may request the county clerk to
dismiss the action as to certain of the defendants, and the county
clerk is authorized to comply with such request.

[3] Id.—Dismissals—Construction of Code Sections.—The provi-
sions of sections 392–397 of the Code of Civil Procedure, relating
to place of trial of civil actions, do not conflict with the provisions
of section 581 of said code, relating to dismissal of actions or the
entry of judgments on nonsuit.

[4] Id. — Joinder of Individuals and Corporation — Right to
Change of Venue.—Where individuals have been joined as de-
fendants with a corporation, they have the right, notwithstanding
such joinder, to have the action tried in the county where they
reside at the time the action was commenced; but that right on
the part of the individual defendants is no concern of the co-
defendant corporation.

[5] ID.—DENIAL OF MOTION—APPEAL—RIGHTS CONFERRED.—Where the individual defendants, after the action had been dismissed as to them by plaintiff and the court had made an order denying their motion, subsequently presented, for a change of place of trial to the county of their residence, took a purported appeal from such order, such action conferred on them no additional rights; neither did it confer any additional rights on the defendant corporation.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for change of place of trial. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter H. Linforth and C. F. Lacey for Appellants.

Philip C. Boardman for Respondent.

STURTEVANT, J.—This is an appeal from an order denying the motion of the defendant to change the place of trial. On May 17, 1921, the plaintiff commenced an action against the defendants by filing in the office of the county clerk of San Francisco a complaint in which he alleged that he had been employed by the defendants, had rendered service for them, and that the reasonable value of his services was $2,600, of which $1,823 remained unpaid. Thereafter summons was served on each of the defendants except the fictitious defendants John Doe and Richard Roe. Thereafter C. F. Lacey, Esq., as attorney for all defendants except the fictitious defendants, gave notice: "Said motion will be made upon the ground that at the time of the commencement of said action the defendants O. P. Silliman, W. G. Silliman and Lee Post, were and are now residents of Monterey County, California, and the Mitchell-Silliman Company, a corporation, and the Monterey County Bank, a corporation, at the time of the commencement of said action had and maintained, and still have and maintain their respective principal places of business in Monterey County, California, and that said Monterey County, California, is the proper county for the trial of said action." That notice was accompanied by a demand signed by each of the defendants. It was also accompanied by affidavits as follows: (1) The affidavit of

O. P. Silliman as president of the Mitchell-Silliman Company, a corporation, from which affidavit it appears that the principal place of business of the corporation is Salinas City, Monterey County; (2) the joint affidavit of O. P. Silliman, W. G. Silliman, and Lee Post, from which it appears that each of them was a resident of Monterey County when the action was commenced, and (3) the affidavit of Luther Rodgers, president of the Monterey County Bank, from which it appears that said bank is a corporation and has its principal place of business at Salinas City, Monterey County; and said moving papers were accompanied by a demurrer. Each of said papers was filed on October 13, 1921. The return date of the motion, as alleged in the notice of motion, was October 28, 1921.

After the service and filing of said papers the plaintiff appeared in the county clerk's office and directed the county clerk to dismiss the action as to the defendants O. P. Silliman, W. G. Silliman and Lee Post. A few days later he filed his own affidavit to the effect that "The obligation and liability of said defendants thereunder, and breach thereof, arose in the city and county of San Francisco . . ." Later the motion was presented to the trial court, supported by the papers designated, the motion was denied and a notice of appeal was filed which purports to be the appeal of each and all of the defendants except John Doe and Richard Roe. [1] It is not disputed that the fictitious defendants are to be disregarded in determining a motion for the change of a place of trial. (*Ludington E. Co.* v. *La Fortuna Min. Co.*, 4 Cal. App. 369 [88 Pac. 290].) Nor is there any contention that if the action had been brought against the corporations alone the plaintiff would have a right to have the action tried in San Francisco because the services are alleged to have been rendered there. (*Cook* v. *Ray Mfg. Co.*, 159 Cal. 694 [115 Pac. 318].) However, the appellants claim that right to a change of place of trial must be determined by the conditions existing when the defendants first appeared in the action. (*Donohoe* v. *Wooster*, 163 Cal. 114 [124 Pac. 730]; *Remington S. M. Co.* v. *Cole*, 62 Cal. 311; *Hennessy* v. *Nicol*, 105 Cal. 138 [38 Pac. 649]; *Ah Fong* v. *Sternes*, 79 Cal. 30, 33 [21 Pac. 381]; *Buell* v. *Dodge*, 57 Cal. 645.) [2] As to that contention the respondent replies that the effect of the filing of the appearances and moving papers

was to prevent the plaintiff from asking or taking any judicial relief until the motion of the defendants had first been heard and determined; or, in other words, that the filing of those papers operated to intercept action by the court, but not action by the clerk of the court. To this statement the appellants reply that such an interpretation results in vesting more power in the clerk than is vested in the court of which he is a mere officer. The same reply could have been made concerning the power to file of record a complaint, or to issue a summons. The answer is, however, that the statute is so written.

[3] The appellants urge that their theory must be supported to the end that the provisions of sections 392–397 of the Code of Civil Procedure be reconciled with the provisions of section 581 of the Code of Civil Procedure. But the vice of that contention is that the sections mentioned contain no conflict and there is nothing to be reconciled. On the other hand, if the courts should hold with the appellants, then the latter section would be construed as though it were written as follows: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: (1) By the plaintiff, by written request to the clerk, filed with the papers in the case, at any time before the trial, upon payment of his costs; provided, a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant, *or no appearance and notice of motion to change the place of trial has been served or filed.*" Appellants' contention would require us to read into the statute the whole of the expression as italicized. To do so would be to legislate instead of to interpret.

[4] The individual defendants who had been joined with the corporations had the right, notwithstanding such joinder, to have the action tried in a county where they resided at the time the action was commenced. (*Ah Fong* v. *Sternes, supra.*) But that right on the part of the individual defendants was no concern of the codefendant corporations. (*Strassburger* v. *Santa Fe L. I. Co.*, 54 Cal. App. 7, 9 [200 Pac. 1065].)

[5] Notwithstanding the dismissal of the individual defendants and that such dismissal was a step in favor of these defendants, nevertheless they took a purported appeal. Such action was consistent with their theory, but certainly con-

ferred on them no additional rights, neither did it confer any additional rights on the defendant corporations.

We find no prejudicial error in the record. The order is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1924.

All the Justices concurred.