[Civ. No. 5910. First Appellate District, Division One.—March 16, 1929.]

JOSEPHINE E. FITZPATRICK, Respondent, v. SONOMA COUNTY et al., Appellants.

Carl Barnard, District Attorney, and E. J. Dole, Assistant District Attorney, for Appellants.

Otto G. Kuklinski for Respondent.

WARD, J., *pro tem.*—This action was commenced in the city and county of San Francisco. The cause of action is damage by injury to real property situated in the County of Sonoma, and the abatement of a nuisance therein. This is an appeal from an order denying a motion for change of venue, made ''upon the ground that the real property af-

fected by said action is situated in the County of Sonoma, and for that reason said cause is proper to be tried in said county, and upon the further ground that all of the defendants, other than the County of Sonoma, are residents and live within said County of Sonoma and that they are entitled to have said trial therein.''

Section 394 of the Code of Civil Procedure, upon which respondent relies, provides as follows: ''An action or proceeding against a county, or city and county, may be commenced and tried in such county, or city and county, unless such action or proceeding is brought by a county, or city and county, in which case it may be tried in any county, or city and county, not a party thereto. Whenever an action or proceeding is brought by a county, city and county, or city, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, and other than that in which the defendant resides or is doing business or is situated. Whenever an action or proceeding is brought against a county, city and county, or city, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city is situated, and other than the defendant county, or city and county, or county in which such defendant city is situated. In any action or proceeding, the parties thereto may, by stipulation in writing, or made in open court, and entered in the minutes, agree upon any county, or city and county, for the place of trial thereof. This section shall apply to actions or proceedings now pending or hereafter brought.''

When extricated from its mass of cumbersome phraseology, and particularly eliminating, when necessary, the words ''proceeding,'' ''city and county,'' ''city,'' ''cor-

poration," etc., and retaining the language applicable to the instant case, the section provides: "An action . . . against a county . . . may be commenced and tried in such county . . . unless such action . . . is brought by a county . . . in which case it may be tried in any county . . . not a party thereto. Whenever an action . . . is brought by a county . . . against a resident of another county . . . doing business in the latter, the action . . . must be on motion of either party, transferred for trial to a county . . . other than the plaintiff . . . and other than that in which the defendant resides or is doing business or is situated. Whenever an action . . . is brought against a county . . . in any county . . . other than the defendant . . . county . . . the action . . . must be, on motion of said defendant transferred for trial to a county . . . other than that in which the plaintiff . . . resides or is doing business or is situated . . . and other than the defendant county. . . . '' The framers of this section evidently endeavored to cover any case wherein a county, etc., was the plaintiff, wherein a county, etc., was the defendant, or where the plaintiff was a county, etc., and likewise where the defendant was a county, etc. Under section 394 of the Code of Civil Procedure, a plaintiff, other than a county, etc., is permitted to commence and proceed to trial in an action or proceeding against a county, etc., in such defendant county. If a county, etc., brings an action against a resident of another county, etc., either plaintiff or defendant has the right to demand that the cause be transferred to a neutral county. If a plaintiff other than a county, etc., institutes an action against a county, etc., in another county, the action or proceeding may be transferred to a neutral county, but *only upon motion of the defendant.* In this case, under section 394 of the Code of Civil Procedure, plaintiff could have filed the complaint in Sonoma County, but she selected the city and county of San Francisco. Defendant, Sonoma County, is precluded from asking a transfer to a neutral county, as it does not appear from the record that plaintiff is a resident of the city and county of San Francisco or of Sonoma County or of any other county in the state. It does appear that she is the owner of a ranch situated in the county of Sonoma.

The constitutionality of section 394 of the Code of Civil Procedure was upheld in *Mono Power Co.* v. *Los Angeles*, 33 Cal. App. 675–677 [166 Pac. 387]. Subsequently the act was amended, as it appears herein, to give the right to a plaintiff, if such plaintiff was a county, city and county, or city, or a corporation doing business in the latter, to move for a change of place of trial, and again it was claimed that the section was violative of article IV, section 25, of the constitution, but the court said, in *City of Stockton* v. *Ellingwood*, 78 Cal. App. 121 [248 Pac. 272] : "It cannot he held that there is no reasonable and substantial basis for such legislative determination or that a like bias would probably exist against an individual plaintiff in an action commenced by him in a county other than that of his residence against a municipality situated therein or against the county itself. As a rule there is no general public opinion at all respecting the merits of an action brought by an individual against a county or a municipality therein. There being a reasonable basis of distinction between the two classes of cases, the provision for a change of venue in the one class and not in the other cannot be deemed a special law within the constitutional inhibition."

In *City of Stockton* v. *Wilson*, 79 Cal. App. 424 [249 Pac. 836], it was held that "From the terms of section 394, viewed in the light of other sections relating to venue, it seems clear that its provisions were intended to apply to actions in proceedings commenced in a plaintiff county, the county in which a plaintiff city is situated, or the county of a defendant's residence." That was a case in which the city of Stockton brought suit in the county of San Joaquin in eminent domain against individual defendants, residents of San Francisco County, and filed the complaint in Calaveras County, the situs of the land. The court held Calaveras to be a proper place for trial. In the same case it was held: " . . . it is not to be presumed that the legislature intended by section 394 to give either party the right to a transfer in cases where no reason exists therefor." By the same method of reasoning, we conclude that a plaintiff has not the right to commence and proceed to trial in an action in a county where no reason exists for the selection of that particular county.

■ The first question which must be determined by a court in any case is that of jurisdiction (sec. 430, Code Civ. Proc.). ■ Every court, by virtue of its organization, takes judicial knowledge of the extent and boundaries of the territory within which it can exercise jurisdiction as well as the subject matter over which jurisdiction has been conferred upon it. In the case of *Rogers* v. *Cady,* 104 Cal. 288 [43 Am. St. Rep. 100, 38 Pac. 81], it was held that "matters of which a court takes judicial knowledge are uniform and fixed, and do not depend upon uncertain testimony, and the failure or refusal of a court to take such notice does not prevent the appellate court from giving proper effect thereto." ■ Section 5 of article VI of the constitution of California provides "that all actions for the recovery of, the possession of, quieting title to, or for the enforcements of liens upon real estate shall be *commenced* (italics ours) in the county in which the real estate, or any part thereof, affected by such action, is situated." It is silent as to where actions for damage for injuries to real property shall be commenced. This being a constitutional provision it must be strictly construed, and its scope must not be enlarged to include injuries. The codes are also silent as to where such actions *shall* be commenced, and so are our statutes; we must needs, therefore, go back to the common law with the result that we find such actions brought only in their local jurisdictions. To overcome this, when the injury is also a trespass, as in the case at bar, some states have made a special provision that in the case of a trespasser leaving the *locus* of his act, suit may be commenced against him at any place where he may be found. We have no such provision in California. A distinction must be made between where a suit may legally be commenced, and where, by the special powers given it by the court, it may be tried.

Section 392 of the Code of Civil Procedure provides, in part: "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial as provided in this code: 1. For the recovery of real property . . . and for injuries to real property." The power of what court? The power of the court in which the action has been legally commenced.

Sonoma County is the situs of the real property alleged to be injured, and it is there the action must be tried, subject to the power of the court of that county to change the place of trial. Courts must always be jealous of their powers and rights. It is intolerable that the court of the county in which the real property is situated, in an action that is local and not transitory, should be deprived of its right and power to change the place of trial by the act of a plaintiff alone in bringing an action in a county of her own choice. The complaint alleged that the injury occurred in Sonoma County. A reading of section 392 of the Code of Civil Procedure shows the underlying intention that the action should be brought in the county where the property is situated subject to the power of the court in such county to change it.

Section 394 of the Code of Civil Procedure affects only those cases properly brought in other counties, permitting fair play between the litigants by giving the option to the defendant county to have its cause tried away from the county of the residence of the plaintiff, with its local sentiments, and it gives the plaintiff the same right of trial outside of the county defendant. But those cases brought in other counties must, as a primary basis, be jurisdictionally properly within those counties. It certainly was never designed to permit a plaintiff by any act of his to deprive a court of proper original jurisdiction of power delegated to it.

So far we have been considering this case as though the County of Sonoma was the sole defendant, and alone to be given consideration. This, however, is not the case. There are five other individual defendants and the complaint alleges acts of commission and omission against each of them and prays for a judgment "against said defendants and each of them" in the sum of two thousand dollars. The individual defendants are, therefore, vitally interested parties. The complaint refers to these individual defendants as "the duly elected, qualified and acting supervisors of said Sonoma County." Section 393 of the Code of Civil Procedure provides: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: . . . 2. Against a public officer. . . . " Need anything more be said than that if the defendants, as super-

visors of Sonoma County, had been sued alone without the addition of "Sonoma County" as a defendant that this motion for a change of venue would have been granted?

These five defendants are also vitally interested personally under section 395. If the municipal corporation was not a party they would unquestionably be entitled to have the motion for change of venue made by them granted, Sonoma County being their place of residence. Section 395 of the Code of Civil Procedure provides, in part: "In all other cases the action must be tried in the county in which the defendants or some of them reside at the commencement of the action or if it be an action for injury to person or property . . . in the county where the injury occurs. . . . " The place of the alleged injury to property in this case was Sonoma County. That is a substantial right, particularly in an action for damages for trespass; a trial by jury, unless waived, is also a right, and every man has, if he desires, a right of trial by his peers and neighbors, provided the wrong, civil or criminal, is committed within his own locale.

■ Under section 2 of Act 5619, General Laws of California [Stats. 1923, p. 675], counties are liable for injuries to property resulting from such acts of omission or commission as are set out in the complaint herein, if proven. There can be no reasonable doubt that if proven the county of Sonoma could and would respond in damages, but notwithstanding that, the plaintiff has voluntarily elected to join with it those other certain individual defendants, and to ask individual judgments against each of them. Is it possible that a plaintiff, by voluntarily joining them with a defendant municipal corporation, and bringing the action in a county other than the county of their residence, and the county of the situs of their acts complained of officially and individually, and thereby deprive them of their statutory right to be heard in the county of their residence and alleged official and individual reprehensibility? It would be establishing a very unwise precedent to put a party plaintiff in a position where, on the one hand, he could control the place of trial, overreaching the power of the court of the situs of the cause of action, and, at the same time, destroy a statutory right of each defendant and harass and annoy him with perhaps vexatious litigation in a stranger county.

Our attention has not been called to any case directly in point involving a municipal corporation, when joined with individual defendants. We are, therefore, constrained to reason by analogy. A nonresident corporation is by law permitted to be sued in any county in the state, but when joined with individual defendants it has been held that individual defendants have a right to a change of venue. "The right . . . to sue them could exist only in a case where they were the only defendants (sec. 395, Code Civ. Proc.), and hence it appears that there are two other defendants . . . both of whom are residents of this state." (See *Ludington Exploration Co.* v. *La Fortuna, etc.*, 4 Cal. App. 369 [88 Pac. 290].) In *Wood, Curtis & Co.* v. *Herman Min. Co.*, 139 Cal. 713 [73 Pac. 588], it was held that when all the defendants were nonresidents of the county in which the action is brought, any of the defendants residing in another county are entitled to a change of the place of trial notwithstanding the opposition of other defendants.

In this case the individual defendants are entitled to a change of venue to Sonoma County. Section 394 of the Code of Civil Procedure does not provide that a plaintiff may commence the action in a neutral county or that a plaintiff may select its own forum. Concluding that the provisions of section 394 of the Code of Civil Procedure do not apply as we find the record in this case, it is necessary to consider the other sections pertaining to venue, and from what has been said heretofore, all defendants are entitled to a change of venue to Sonoma County. The order appealed from must be reversed. It is so ordered.

Tyler, P. J., and Knight, J., concurred.