[Civ. No. 17341.   First Dist., Div. Two.   June 12, 1958.]

ARDESSA MARSHALL et al., Appellants, v. HANS
BENEDICT et al., Respondents.

Fitz-Gerald Ames, Sr., for Appellants.

Lamb & Hoge, Bledsoe, Smith, Cathcart, Johnson & Phelps and Joseph W. Rogers, Jr., for Respondents.

DOOLING, J.—Plaintiffs appeal from a judgment dismissing their action pursuant to Code of Civil Procedure, section 581b.

Plaintiffs filed their complaint in the San Francisco Superior Court charging injuries by reason of alleged medical malpractice. Respondents Benedict and Rafter, who were named as defendants, separately filed notices of motion for change of venue to Contra Costa County on the ground that they, and all other defendants, are residents of that county. By stipulation these motions were heard on September 15, 1954. No counteraffidavit or other opposition was presented and no appearance was made by appellants' counsel at the

hearing of the motions. The court by written order filed on September 15, 1954, granted the motion of Benedict and ordered the case transferred to Contra Costa County.

Appellants failed to pay the fees entailed by such transfer, as required by section 399, Code of Civil Procedure, for more than one year after the making of said order, and on September 21, 1955, counsel for respondents served and filed a notice of motion to dismiss the action pursuant to said section 581b, which provides that where the action was not commenced in the proper court and has been ordered transferred to such court such action must be dismissed where the fees and costs for such transfer as provided in section 399 ''have not been so paid for one year after the entry of the order for transfer.''

Appellants countered with a motion to be relieved from their default in not paying such fees within the year. This motion to be relieved from default was denied on February 10, 1956, and the motion to dismiss was granted and the action ordered dismissed on February 21, 1956.

Appellants assert as grounds of reversal:

1. By filing a motion to strike portions of the complaint with his notice of motion for change of venue Rafter waived his right to have the venue changed.

2. The conduct of the respondents after the order was made misled appellants' counsel into the belief that the motions for change of venue had been abandoned and their motion for relief from default should have been granted on that ground.

3. Such conduct estops respondents to rely on the one-year provision of section 581b.

Point 1 may be summarily disposed of. ■ The filing of a motion to strike was not a waiver of the right to move for change of venue. (*Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713, 717 [73 P. 588] ; *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579, 583 [127 P.2d 924, 141 A.L.R. 1173].) But even if it could be so construed the motion for change of venue made by Benedict was the motion which was granted. No conduct of Rafter could deprive Benedict of his right to change of venue. ■ Where none of the defendants is a resident of the county in which the action is brought each defendant has a right to change of venue and no defendant can be denied that right by the conduct of any other defendant. ■ ''The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. The consent of certain defendants not residing in the county where the action is

brought could not take away from the defendants who did not reside there the right to have the cause transferred to the county of their residence.'' (*Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515, 521 [274 P. 977] ; *Wood, Curtis & Co.* v. *Herman Min. Co., supra,* 139 Cal. 713, 716; *Sourbis* v. *Rhoads,* 50 Cal.App. 98, 100 [194 P. 521].)

The effect of the order changing venue is to transfer the entire case to the new county. It is inconceivable that in the one action the Contra Costa court should have jurisdiction over Benedict while the San Francisco court at the same time retained jurisdiction over Rafter.

Points 2 and 3 depend upon the same facts. No notice of the making of the order granting the motion for change of venue was served upon counsel for appellants. None was required. He had stipulated that the motions might be made on September 15, 1954, and was reasonably put on inquiry as to the disposition made by the court of such motions. (Civ. Code, § 19; 36 Cal.Jur.2d, Notice, §§ 3-4, pp. 415-416.)

Thereafter a substitution of attorneys was filed by Rafter in the proceeding and the substituted attorneys gave notice of the taking of the deposition of one of the appellants, such deposition was taken with counsel for Benedict participating and the completed deposition was filed with the papers in the action in the office of the county clerk in San Francisco. Also an affidavit for taking deposition of, and subpoena duces tecum to, the custodian of records of Mount Zion Hospital was filed by Rafter with the San Francisco county clerk. Counsel for appellants claims that he was misled by these proceedings into believing that no order for change of venue had been made.

This, at most, presented a question of fact for the trial court which was decided adversely to appellants by the order denying their motion for relief from default.

On appeal every intendment must be indulged in favor of the trial court's action and we can only reverse if, after drawing every inference from the evidence before that court which it could reasonably draw, we are still satisfied that the trial court's determination finds no substantial support. The burden is on appellants to persuade us that as a matter of law the evidence produced before the court compelled that court to rule in favor of appellants.

Appellants' counsel had knowledge not only that the motions for change of venue were set for hearing on September 15, 1954, but also that the uncontradicted affidavit

filed in support of Benedict's motion entitled Benedict to a change of venue as a matter of law. With this knowledge he entirely failed to inquire about the disposition made by the court of this motion. The order for change of venue was made on September 15, 1954. The substitution of attorneys was not filed until November 10, 1954. The notice of taking deposition was filed December 13, 1954. The burden was on appellants to satisfy the court that an ordinarily prudent attorney would fail for nearly two months to take the simple step of acquainting himself with the action of the trial court on a motion for change of venue which on the state of the record he must expect to be granted; then because of such an equivocal act as the filing of a substitution of attorneys in the clerk's office in San Francisco that he would be lulled into not making such inquiry for 33 days more; and finally because deposition proceedings were commenced in the San Francisco court almost three months after the motion for change of venue had been set for hearing that he might reasonably conclude that the motion had been abandoned without any effort to ascertain the fact. The facts speak for themselves and we cannot hold as a matter of law that on such a showing appellants were entitled to be relieved from their default.

■ One of the essentials of an estoppel is ignorance of the facts. (*Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266, 273 [83 P.2d 503]; *Lusitanian-American Dev. Co.* v. *Seaboard D. C. Corp.*, 1 Cal.2d 121, 128 [34 P.2d 139]; *Benson* v. *Andrews*, 138 Cal.App.2d 123, 138 [292 P.2d 389]; 18 Cal. Jur.2d, Estoppel, § 5, p. 407.) One is not ignorant of the facts, in the sense in which that term is used in the doctrine of estoppel, if he has "notice of facts sufficient to put a reasonably prudent man upon inquiry, the pursuit of which would have led to actual knowledge." (*Banco Mercantil* v. *Sauls Inc.*, 140 Cal.App.2d 316, 323 [295 P.2d 55]; *General Motors Accept. Corp.* v. *Gandy*, 200 Cal. 284, 298 [253 P. 137]; *Nilson* v. *Sarment*, 153 Cal. 524, 531-532 [96 P. 315, 126 Am.St.Rep. 91].)

Whether or not appellants' counsel was reasonably justified in assuming that the motions for change of venue had been abandoned without taking the readily available means of ascertaining the truth presented a question for the trial court and on the record before us we cannot interfere with its decision.

Judgment of dismissal affirmed.

Kaufman, P. J., and Draper, J., concurred.