[Civ. No. 16009.   First Dist., Div. One.   Oct. 27, 1954.]

C. E. SKIDMORE, Appellant, v. COUNTY OF SOLANO, Respondent.

Hartwell F. Linney for Appellant.

Landels & Weigel and Ken Jones for Respondent.

WOOD (Fred B.), J.—In this action for money allegedly due ·plaintiff for services rendered the county of Solano pursuant to a contract in writing between the parties, plaintiff has appealed from an order transferring the cause from the city and county of San Francisco to the county of Solano, based upon a finding that the Superior Court in and for the County of Solano is the "proper court for the trial" of the action. He claims that San Francisco is a proper county, it being a county other than the defendant county and other than the county of plaintiff's residence.[1]

The order of transfer is correct and must be affirmed. Solano is and San Francisco is not a proper county for the trial of the action.

We start with section 396b of the Code of Civil Procedure. It provides for the transfer of an action "to the proper court" when commenced in a court having jurisdiction of the subject matter (in this case, the superior court in and for any county of the state; hence, inclusive of San Francisco) "other than the court designated as the proper court for the trial thereof."

We look to sections 392-395 of the code to find what is the "proper court." We find nothing pertinent in sections 392, 393, or 395.1. Sections 394 and 395 both point to the Superior

---

[1]There is no evidence in the record tending to show where plaintiff resides. Plaintiff states, in his opening brief, that he resides in Alamano County. While the county of his residence is immaterial under the applicable venue section of the Code of Civil Procedure, we will assume that he does reside in Alameda County.

Court in Solano County as the proper court. Neither of them puts San Francisco in that category.

█ The first sentence of section 394 provides that "[a]n action . . . against a county . . . may be tried in such county . . . unless such action . . . is brought by a county . . . in which case it may be tried in any county . . . not a party thereto." That may be a designation of Solano as a proper court or it may be merely a declaration that the presence of Solano County as a party defendant does not render the Solano court unavailable for the trial of the action. We need not decide which is the correct view for section 395, which applies here if section 394 does not, provides the same answer.

█ The third sentence of section 395 deals with a defendant who "has contracted to perform an obligation in a particular county" and declares that the "county where such obligation is to be performed, or . . . in fact was entered into, or the county in which the defendant . . . resides at the commencement of the action" is "a proper county for the trial of an action founded on such obligation." The county in which the "obligation is incurred" is "deemed . . . the county in which it is to be performed unless there is a special contract in writing to the contrary." The clause last quoted narrows it to the county of defendant's residence or the county where the obligation was incurred, in the absence (as in this case) of a special contract in writing to the contrary. (*Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115]; *Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App. 2d 815, 824 [259 P.2d 465].) That means Solano County because it is the county of the defendant's residence[2] and the

---

[2]*Within the meaning of section 395*, a municipal corporation resides in the county "where its territory is, and where all its constituents reside" (*Buck* v. *City of Eureka*, 97 Cal. 135, 140 [31 P. 845]), later interpreted as holding that "a municipal corporation, like a private corporation, must be held to have its legal residence in the county wherein it has its principal place of business" (*Gallup* v. *Sacramento etc. Drainage Dist.*, 171 Cal. 71, 74 [151 P. 1142], applying that doctrine to the Drainage District, a public corporation (though not a private or municipal corporation) whose territory extended across several counties); the state compensation insurance fund, a state governmental mandatory or agency and not a corporation, has its legal residence in the county where its principal office is located (*Yedor* v. *Ocean Acc. & Guar. Corp.*, 85 Cal.App.2d 698, 700-704 [194 P.2d 95]).

The county is "the largest political division of the State having corporate powers" (Gov. Code, § 23000); the county seat is the principal place of business of a county, and is situate within the territorial boundaries of its county (see Gov. Code, §§ 23600-23658, 24250, 24261, 25081). The conclusion seems irresistible that, for the purposes of section 395, each county is the county of its own legal residence.

county where the contract was executed as evidenced by the resolution of adoption by the board of supervisors and by defendant's affidavit filed in support of its motion for change of venue.

Plaintiff invokes the following portion of the third sentence of section 394 of the code: "Whenever an action . . . is brought against a county . . . in any county . . . other than the defendant . . . the action . . . must be, on motion of said defendant, transferred for trial to a county . . . other than that in which the plaintiff . . . resides . . . and other than the defendant county . . ." He claims that this provision gives an individual who sues a county the absolute right to file and retain his action in a "neutral" county and that in this case San Francisco is a neutral county. We do not so read the statute. It does not expressly state that a person who sues a county may select the court of a "neutral" county as a "proper court" for the trial of the action. It merely says that the defendant county may move the action to a "neutral" county. It has been construed as a removal statute which applies only when an action has been brought and is pending in a proper court.

Thus, in *Fitzpatrick* v. *Sonoma County*, 97 Cal.App. 588 [276 P. 113], an action for injuries to real property situate in Sonoma County was held removable from San Francisco to Sonoma County because in such a case section 392 of the code made Sonoma, not San Francisco, the proper county. Concerning section 394, the court said, "a plaintiff has not the right to commence and proceed to trial in an action in a county [San Francisco] where no reason exists for the selection of that particular county" (p. 592); "section 394 . . . affects only those cases properly brought in other counties, permitting fair play between the litigants by giving the option to the defendant county to have its cause tried away from the county of the residence of the plaintiff, with its local sentiments, and it gives the plaintiff the same right of trial outside of the county defendant. But those cases brought in other counties must, as a primary basis, be jurisdictionally properly within those counties. It certainly was never designed to permit a plaintiff by any act of his to deprive a court of proper original jurisdiction of power delegated to it" (p. 594); and "Section 394 . . . does not provide that a plaintiff may commence the action in a neutral county or that a plaintiff may select its own forum." (P. 596.)

Similarly, in *San Jose I. & C. Storage Co.* v. *San Jose,* 19 Cal.App.2d 62 [64 P.2d 1099], an action for injuries to real property situate in Santa Clara County was removable from San Francisco to Santa Clara County as the proper county under section 392. The court furnishes a clear and cogent exposition of the basic principles and significant factors involved, and concludes with the statement: "We must, therefore, look to the other sections to find the 'proper' county for the commencement of the particular cause of action, and look to section 394 for the method of transferring such actions for trial when they involve the particular parties therein noted."[3] (P. 66.)

Other decisions are in harmony with these views. In *Mono Power Co.* v. *Los Angeles,* 33 Cal.App. 675 [166 P. 387], and in *Finance & Const. Co.* v. *Sacramento,* 204 Cal. 491 [269 P. 167], removal to a neutral county was had upon motion of the defendant, pursuant to the third sentence of section 394, in an action which had been brought and was pending in a proper county which was the county in which the plaintiff was doing business. Similarly, under the somewhat comparable provisions of the second sentence of section 394 (when a county or city is plaintiff against a resident of another county, etc.) request for removal to a neutral county has been granted of an action pending in a county which was a proper county and the county of residence of the opposite party. (*City of Stockton* v. *Ellingwood,* 78 Cal.App. 117 [248 P. 272]; *City of Oakland* v. *Darbee,* 102 Cal.App.2d 493 [227 P.2d 909].) But these provisions do not sanction removal when the action is pending in a proper county and that county is a "neutral county." (*City of Stockton* v. *Wilson,* 79 Cal.App. 422, 424 [249 P. 835].)

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

---

[3]This, in effect, overrules the earlier decision of the same court in *Daneri* v. *City of San Diego,* 55 Cal.App. 562 [203 P. 829], to the extent that the Daneri case held that section 394 applies "irrespective of and without regard to whether the action was brought in the proper county or not." (P. 564.)