[No. B050051. Second Dist., Div. Three. Jan. 8, 1991.]

COLUSA AIR POLLUTION CONTROL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DUNN-EDWARDS CORPORATION et al., Real Parties in Interest.

[No. B050121. Second Dist., Div. Three. Jan. 8, 1991.]

BAY AREA AIR QUALITY MANAGEMENT DISTRICT,
Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DUNN-EDWARDS CORPORATION et al., Real Parties in Interest.

## COUNSEL

William James Murphy, County Counsel, John F. Powell, Laurence G. Chaset and Thomas H. Crawford for Petitioner.

No appearance for Respondent.

Donnelly, Clark, Chase & Smiland and William M. Smiland for Real Parties in Interest.

## OPINION

**CROSKEY, J.**—Petitioner, Bay Area Air Quality Management District (sometimes herein Bay Area) and Colusa Air Pollution Control District (sometimes herein Colusa) (collectively petitioners) seek a writ of mandate compelling the trial court to (1) sever the claims asserted against them in these consolidated proceedings and (2) grant their motions for a change of venue to San Francisco and Colusa counties, respectively. Because (1) petitioners are only two of eight different public (or related) agencies sued by the plaintiffs on common issues of fact and law, (2) a severance would result in an unnecessary and wasteful multiplicity of litigation and (3) at least a portion of plaintiffs' claims arose in Los Angeles County, we conclude that venue in that county is proper (Code Civ. Proc., § 393, subd. (1)(b)).[1] We therefore deny the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs and real parties in interest (plaintiffs) are 21 California manufacturers, retailers and contractors who, by this action, seek to maintain the right to make, sell, and apply various enamels, lacquers and paints (hereinafter generally referred to as architectural coatings). Although

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

plaintiffs do business throughout California, their principal place of business is in Los Angeles County.

On March 2, 1990, the plaintiffs filed this action against two statewide public agencies (hereinafter the statewide defendants) and six regional or local air pollution control agencies (hereinafter the district defendants)[2] which have developed, adopted, implemented or otherwise promoted certain regulations in California which severely limit the amount of solvent contained in architectural coatings and, as a result, effectively ban plaintiffs' products. Regulations such as those involved herein were first promulgated in 1977. However, plaintiffs brought this action to attack the latest and, in the words of plaintiffs' pleading, "by far the most extreme of a long series of amendments" to such regulations.

By this action plaintiffs have sought relief by way of a writ of mandate directed to two of the district defendants (one of which is Bay Area) and for declaratory and injunctive relief as to all of the district defendants (including both Bay Area and Colusa).[3]

They alleged (in the first two causes of action) that South Coast and Bay Area have unlawfully refused to prepare environmental impact reports as required by the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.; CEQA). In the balance of the 14 causes of action, plaintiffs challenge the recent rule amendments made by the public agency defendants (including both petitioners) on various statutory and constitutional grounds. Bay Area and Colusa each responded to this action by

---

[2] The other defendants (who are not parties to these writ proceedings) are the (1) California Air Resources Board (ARB), which had submitted *suggested control measures* (SCMs) relating to architectural coatings to local and regional districts including the petitioners herein, (2) California Air Pollution Control Officers Association, Inc. (CAPCOA), and the Technical Review Group (TRG), which are professional and staff associations who provided technical input to the ARB prior to its submittal of the SCMs, (3) South Coast Air Quality Management District (South Coast), which, like Bay Area, is a regional air quality management district which adopted local rule amendments in response to the SCMs from the ARB, (4) Imperial, Santa Barbara and Yolo-Solano County Air Pollution Control Districts which like Colusa had also adopted versions of the SCMs as amendments to the local rules established by them in their respective counties.

[3] The action by the plaintiffs, pled in 16 alleged causes of action, consists of a petition for writ of mandate and a complaint for declaratory and injunctive relief. In counts 1 and 2, plaintiffs seek mandamus to compel South Coast and Bay Area to comply with the requirements of California Environmental Quality Act; in counts 3 through 13 plaintiffs seek declaratory and injunctive relief against the several defendants on a number of theories; count 14 seeks damages (under Gov. Code, § 815.6) against the public agency defendants (i.e., all defendants except CAPCOA and TRG) for an alleged failure to discharge mandatory statutory duties; count 15 pleads a claim in inverse condemnation; and the final count is against CAPCOA for antitrust violations.

motions to sever the claims against them[4] and to transfer such actions to San Francisco Superior Court and Colusa Superior Court, respectively.

On May 7, 1990, the trial court denied such motions.[5] They were denied on the grounds that (1) there were common issues of fact and law and thus the claims against the several defendants were properly joined, (2) a severance would result in a multiplicity of litigation and (3) at least some part of the cause arose in Los Angeles County and therefore it was a proper county for trial (§ 393, subd. (1)(b).) Bay Area and Colusa timely sought review by writ pursuant to section 400. We issued an alternative writ.

ISSUES PRESENTED

Under the facts presented here, the dispositive issues are:

(1) Were the several defendants properly joined?

(2) Are the petitioners "public officers" within the meaning of section 393, subdivision (1)(b)?

(3) Did at least "some part" of plaintiffs' cause arise in Los Angeles County?

(4) If the answers to each of the foregoing are in the affirmative, then does any provision of law compel a severance so that petitioners can have the claims asserted against them tried in the counties where they are located?

DISCUSSION

1. *The Statewide and District Defendants Were Properly Joined*

■ The applicable rule regarding the proper joinder of defendants is provided by statute. Section 379, subdivision (a)(1) provides: "All persons

---

[4] The causes of action which seek relief against Bay Area are counts 2, 9, 10, 11, 12, 13, 14 and 15. Those against Colusa are counts 6, 7, 10, 11, 12, 14, and 15.

[5] With respect to the first cause of action by which plaintiffs sought a writ of mandate to compel South Coast to comply with CEQA, plaintiffs themselves also brought motions to sever and for an early trial date. The trial court concluded that both mandate causes of action (which raised similar CEQA issues) should receive early trial dates. Therefore, on May 7, 1990, it granted a severance as to count 1 against South Coast and count 2 against Bay Area. An early trial date as to South Coast was ordered and the claim set out in count 2 was transferred to San Francisco Superior Court. Plaintiffs object to this ruling as to Bay Area, but have not sought writ review of the trial court's action. However, in their responding brief, they have asked us to reverse the order as to Bay Area. We see no reason to take such gratuitous action.

may be joined in one action as defendants if there is asserted against them: [¶] (1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action[.]" It is *not* necessary that each defendant be interested as to every cause of action or as to all of the relief sought by the complaint. (§ 379, subd. (b).)

The plaintiffs' complaint alleges that the several defendants, including Bay Area and Colusa, drafted, promulgated and developed the SCMs relating to amendments to the preexisting architectural coating regulations of the district defendants. Thereafter, each of the district defendants formally adopted the SCMs (with some minor variations) as their local rule amendments. Plaintiffs allege that the effect of these amendments was to reduce the amount of solvent per unit of volume of coating to such an extent as to effectively ban certain of the products manufactured and sold by the plaintiffs.

Leaving aside the first two causes of action (relating to alleged CEQA violations) and focusing only on the subsequent counts which include Bay Area and Colusa, plaintiffs by their action seek to (1) challenge the local rule amendments made by the district defendants on statutory grounds, (2) obtain a declaratory judgment as to their proper interpretation, (3) challenge such amendments on constitutional grounds and (4) obtain monetary relief on the grounds of violation of statutory mandate and inverse condemnation. While the rule amendments are not all identical, they clearly are in response to the promulgation of the SCMs by the ARB which the complaint alleges the district defendants, including Bay Area and Colusa, helped to develop; in other words the local rule amendments all sprang from the same initial stimulus. In addition, the amendments all purport to regulate in a more restrictive (but not necessarily identical manner) the same (1) nonflat coatings, (2) high performance coatings, (3) quick-dry coatings, (4) lacquers and (5) aerosols, which are manufactured and sold by the several plaintiffs.

Petitioners seek to avoid the conclusion that the defendants were properly joined by emphasizing that (1) they are different and independent political entities, (2) they did not act in concert, (3) they have adopted rule amendments that are in some ways different, or at least impose differing standards upon plaintiffs' products and (4) the subject rule amendments are enforced by them *only* within the boundaries of their districts. Thus, they argue, the adoption of local rule amendments was not the "same transaction, occurrence or series of transactions or occurrences" as specified in

section 379, and the plaintiffs are only impacted by any particular rule in the district which promulgated it.

An examination of plaintiffs' pleadings, however, does not support these arguments. Plaintiffs allege that (1) the SCMs were promulgated by the statewide defendants with active participation of the district defendants, including Bay Area and Colusa, (2) the local rule amendments adopted by the district defendants, including Bay Area and Colusa, constituted a single series of occurrences each of which was *substantially* the same,[6] (3) each of the district defendants by virtue of the membership in CAPCOA and TRG acted "in concert" with the statewide defendants with respect to the promulgation of the SCMs and with the other districts with respect to the adoption of substantially similar local rule amendments and (4) the impact of the local rule changes by the several district defendants is not limited to sales by plaintiffs in a particular district; the effect of the new local rules is to prevent any sales of certain of plaintiffs' products in all districts.

In our view, the joinder of the statewide and district defendants was entirely proper. The trial court, after reviewing the competing affidavits of the parties, found the statutory requirements to be satisfied. We find nothing in this record to justify the conclusion that such determination was not supported by substantial evidence. (See *Carnation Co.* v. *El Rey Cheese Co.* (1948) 88 Cal.App.2d 857, 858 [200 P.2d 19].) Indeed, the record reflects that a number of common issues of fact and law are presented by this case. Plaintiffs' claims arise from the same series of facts: the initial proposal of amendments to air pollution standards (i.e., the SCMs) by the statewide defendants and the adoption of those proposals in substantially the same form in local rule amendments by the several district defendants.

## 2. *The District Defendants Are "Public Officers"*

██ Section 393, subdivision (1) provides in pertinent part: "Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the cause, *or some part thereof*, arose, is the proper county for the trial of the following actions: . . . [¶] (b) Against a public officer or person especially appointed to execute his duties, for an act

---

[6]At the hearing before the trial court on April 18, 1990 (which led to the order of May 7, 1990 here at issue), the trial judge responded to petitioners' argument on this point by stating: ". . . I've looked to some extent at the differences in the legislative acts and they don't frankly seem to me to be all that material as far as the differences are concerned. I mean, you're all coming up with essentially the same standard for the paint and it just didn't seem to me . . . that they were different enough so that it would outweigh the similarities in the issues that have to be resolved as to all of these various entities."

done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer." (Italics added.)

The parties do not dispute that the district defendants, including Bay Area and Colusa, as public entities sued upon claims arising from the conduct of their official action are "public officers" within the meaning of section 393. (*Regents of University of California v. Superior Court* (1970) 3 Cal.3d 529, 537-538 [91 Cal.Rptr. 57, 476 P.2d 457]; *Sutter Union High School Dist. v. Superior Court* (1983) 140 Cal.App.3d 795, 797-798 [190 Cal.Rptr. 182].) Thus, that element of section 393 is satisfied.

### 3. *The Cause, or at Least Some Part Thereof, Arose in Los Angeles County*

The plaintiffs do business statewide, but their principal place of business is in Los Angeles County. It is in that county where the impact of the rule changes will have the greatest impact. While it is undoubtedly true that plaintiffs will suffer injury to their business in every county in which they are active, we have no real doubt that at least a part of the cause arose in Los Angeles. That is all that is required by the statute.

Petitioners argue, on the other hand, that plaintiffs' claims arose only in the county where the subject rule amendments were adopted. However, that argument is simply not supportable. The county where the resolutions were adopted does not control the issue of venue but the county in which the alleged injury occurs. " 'It is where the shaft strikes [the plaintiff], not where it is drawn, that counts.' " (*Regents of University of California v. Superior Court, supra*, 3 Cal.3d at p. 542; *Lynch v. Superior Court* (1970) 7 Cal.App.3d 929, 932 [86 Cal.Rptr. 925]; *Duval v. Contractors State License Board* (1954) 125 Cal.App.2d 532, 535 [271 P.2d 194]; *Cecil v. Superior Court* (1943) 59 Cal.App.2d 793, 799 [140 P.2d 125].)

The court in *Cecil* stated the rule applicable here in very clear terms. "There is no escape from the conclusion that where a citizen is singled out by a state agency and proceedings are instituted against him and result in an order, the effect of which is to deprive him absolutely or conditionally of the right to do business, the proper county for redress under section 393, subd. [1](b), of the Code of Civil Procedure is the county in which he carries on the business and in which he will be hurt by enforcement of the order." (*Cecil v. Superior Court, supra*, 59 Cal.App.2d at p. 799.)

### 4. *There Is No Provision of Law Which Requires a Change of Venue*

■ Petitioners finally rely upon the provisions of section 394 which, they argue, compel a change of venue irrespective of the court's conclusion with respect to proper joinder and the satisfaction of the requirements of section 393. Section 394 provides, in pertinent part: "Whenever an action or proceeding is brought against a . . . local agency, in any county . . . other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county . . . *other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated . . . and other than the . . . county in which such . . . local agency is situated*; provided, however, that any action or proceeding against the . . . local agency for injury occurring . . . within the county in which such local agency is situated, to person or property or person and property caused by the negligence or alleged negligence of such . . . local agency, or its agents or employees, shall be tried . . . in such county in which such local agency is situated." (Italics added.)

Section 394 is a complicated statute which provides for *removal* of a case which is then pending in a *proper* county. It is therefore not a venue statute. (*County of Riverside* v. *Superior Court* (1968) 69 Cal.2d 828, 831 [73 Cal.Rptr. 386, 447 P.2d 626]; *Skidmore* v. *County of Solano* (1954) 128 Cal.App.2d 391, 394 [275 P.2d 613].) Its purpose is to avoid local prejudice by authorizing transfer to a neutral county (i.e., a county *other than* that in which either the plaintiff or the defendant resides). (*Finance & Construction Co.* v. *Sacramento* (1928) 204 Cal. 491, 493 [269 P. 167].)

Petitioners' reliance on such removal provisions is puzzling. First, they do not seek a transfer to a neutral county, but rather to the county in which they each reside, a result which is *not* authorized by section 394. Second, it would seem that in view of plaintiffs' allegations of statewide business activity, there is no county in California to which section 394 would permit a transfer as there is no county in which plaintiffs, or any of them, are not doing business. In a different context (a case involving statewide public agencies), the Supreme Court has expressed the view that there may be no " 'neutral' counties to which a suit may be transferred" (*Westinghouse Electric Corp.* v. *Superior Court* (1976) 17 Cal.3d 259, 267, fn. 4. [131 Cal.Rptr. 231, 551 P.2d 847]). Finally, of course, the proviso in section 394 which mandates the transfer of injury cases to the local agency's home county has no application here. Even if the damage suffered by any of the plaintiffs in San Francisco and Colusa counties constituted an injury within the

meaning of section 394, plaintiffs make no claim whatever against petitioners based on a theory of negligence.

Thus, we see no basis for petitioners' argument that section 394 compels the venue change which they have sought. ■ This conclusion is certainly buttressed by section 395, subdivision (a) which provides that venue, in a transitory action (which is this case), is proper in the county where "the defendants *or some of them* reside at the commencement of the action." (Italics added.) While it is true under section 395 that a defendant is normally entitled to have a transitory action tried in the county of *his* residence, that does not apply where there are several defendants who reside in different counties. In such a case either the plaintiff must be denied his privilege of joinder or the residence requirement must be modified. The latter choice is expressly made by this statutory provision. The resulting rule is that a plaintiff may bring a good transitory action against two or more defendants, in the county of one who is a proper party. The nonresident defendants cannot obtain a change of venue even if the resident defendant joins in the motion. (*Monogram Co.* v. *Kingsley* (1951) 38 Cal.2d 28, 30, 32 [237 P.2d 265].) This rule is applied even though all of the causes of action do not affect all parties. Venue statutes do not relate to causes of action, but to actions, and prescribe the place where the action in its entirety may be tried. (*Monogram Co.* v. *Kingsley, supra,* at pp. 31-32.)

Here South Coast, one of the district defendants, is a resident of Los Angeles County. As we have already concluded that Los Angeles is a proper county, petitioners have no basis, under the residence preference of section 395, to seek a change of venue to their respective home counties.

■ Thus, we conclude that no statutory basis exists for the change of venue sought by petitioners. It also appears obvious to us that to divide plaintiffs' individual actions against each separate district defendant would impose upon the California judicial system the wasteful and unnecessary burden of trying plaintiffs' already complex action at least three separate times.[7] There is no justification whatever for such a result.

---

[7] We note here that Bay Area and Colusa were the only district defendants who sought a change of venue.

### DISPOSITION

The alternative writ is discharged. The peremptory writ in each case (Nos. B050051 and B050121) is denied. Temporary stay order issued on December 20, 1990, is hereby dissolved.

Klein, P. J., and Hinz, J., concurred.

Petitioner's application for review by the Supreme Court was denied March 14, 1991.