[No. D013850. Fourth Dist., Div. One. May 10, 1991.]

SANDY GALLIN et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
DANIELLE JEFFREY et al., Real Parties in Interest.

**COUNSEL**

Arrow, Edelstein & Laird, Peter Laird, Ralph Loeb, Mitchell, Silberberg & Knupp, Russell J. Frackman, Hayward J. Kaiser and David A. Steinberg for Petitioners.

No appearance for Respondent.

Milberg, Weiss, Bershad, Specthrie & Lerach, William S. Lerach, Leonard B. Simon, Alan M. Mansfield, Robert W. Brownlie, Greenfield & Chimicles, Richard D. Greenfield, Mark C. Rifkin, R. Bruce McNew, Bushnell, Caplan & Fielding, Alan M. Caplan, Zwerling, Schachter & Zwerling, Robert S. Schachter, Kohn, Savett, Klein & Graf, Dianne M. Nast, Goodkind, Labaton & Rudoff, Lawrence A. Sucharow, Gary J. Near, Philip Neumark and Albert Meyerhoff for Real Parties in Interest.

## OPINION

**TODD, J.**—Sandy Gallin and others (collectively Gallin) seek extraordinary relief after the court denied their motion to transfer venue. Gallin contends Los Angeles County is the proper venue because "some" individual defendants reside there, no corporate defendant has its principal place of business in San Diego County, and a "single retail sale" in San Diego is insufficient for venue in a consumer remedy class action. We determine the venue provision of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) does not override the general rule a defendant is entitled to have an action tried in the county of his or her residence. Accordingly we grant the petition and vacate the stay.

### FACTUAL AND PROCEDURAL BACKGROUND

Danielle Jeffrey[1] filed this class action[2] in San Diego County on behalf of purchasers of "Milli Vanilli" pop-rock record albums, tapes, compact disks and video recordings.[3] In addition to "Milli Vanilli" manager Gallin, Jeffrey named the two performers, Rob Pilatus and Fabrice "Fab" Morvan, and various producers, distributors and recording companies as defendants.[4] Jeffrey claims Gallin "committed a huge fraud upon the public by covering up that neither Pilatus or Morvan performed any vocals on any of the Milli Vanilli [products] or sang at their concerts and that in fact they were merely 'techno-puppets' who 'lip-synched' words sung by the actual vocalists . . . ." She alleges causes of action for fraud, negligent misrepresentation, unfair competition (Bus. & Prof. Code, § 17200 et seq.), deceptive

---

[1]Through her guardian John W. Jeffrey.

[2]The class has not been certified.

[3]Although Jeffrey alleges a "live" Milli Vanilli concert occurred in San Diego, she does not include concertgoers in the class.

[4]Gallin Morey Associates, Frank Farian, Far Music Production, Arista Records, Inc., Clive Davis, Bertelsmann Music Group, Bertelsmann AG, and Michael Dornemann.

consumer practices (Civ. Code, § 1770 et seq.) and breach of contract.[5] Jeffrey seeks rescission, damages, imposition of a constructive trust and injunctive relief.

Gallin moved to transfer venue to Los Angeles County on the basis he resides there and none of the named defendants resides in San Diego. Jeffrey opposed, arguing venue was proper under the special venue provision of Civil Code section 1780, subdivision (c)[6], under Business and Professions Code section 17203[7], or the general venue provisions of Code of Civil Procedure section 395, subdivision (a).[8] The court denied the motion to transfer, stating:

"CCP 395 does provide the general rule of venue at the place of defendant's residence except as otherwise provided by law, and Civil Code section 1780 sets forth such an alternative basis for proper venue. [¶] Further, in light of apparent legislative intent and public policy considerations underlying the Consumer[s] Legal Remedies Act as set forth in Civil Code section 1750, the inclusion of other claims in this case is not fatal to proper venue in San Diego County." We stayed all proceedings pending resolution of this petition.

## DISCUSSION

■ The plaintiff's theory of the action as set forth in the complaint determines the venue. (*Eckstrand* v. *Wilshusen* (1933) 217 Cal. 380, 381-382 [18 P.2d 931].) Because the law favors the right of trial at the defendant's residence, the complaint will be strictly construed against a plaintiff seeking to lay the venue elsewhere. (*Ah Fong* v. *Sternes* (1889) 79 Cal. 30, 33 [21 P. 381]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 557, p. 583.)

■ A "mixed action" is one where the plaintiff has alleged two or more causes of action, each of which is governed by a different venue statute. Or, two or more defendants are named who are subject to different venue standards. (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 488 [208

---

[5]From the "First Amended and Consolidated Class Action Complaint for Damages and Injunctive Relief," dated January 4, 1991.

[6]An action for unfair methods of competition and unfair or deceptive practices intended to result or which results in the sale or lease of goods or services to any consumer "(c) . . . may be commenced in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred."

[7]"Any person performing or proposing to perform an act of unfair competition within this state may be enjoined in any court of competent jurisdiction. . . ."

[8]"(a) Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. . . ."

Cal.Rptr. 724, 691 P.2d 272].) ■ Where the defendant is entitled to a change of venue as to one cause of action, the entire action is transferred. (*Jhirmack Enterprises, Inc.* v. *Superior Court* (1979) 96 Cal.App.3d 715, 720 [158 Cal.Rptr. 192].)

■ Both Jeffrey and Gallin rely on *Brown* v. *Superior Court, supra,* 37 Cal.3d 477, to support or defeat venue in San Diego County. Jeffrey argues where a conflict exists between the general venue statute and a "special" venue statute, the "special" statute controls. Gallin contends the court "improperly extended [the exception in] *Brown* to formulate a general rule applicable to mixed actions." Gallin further contends the court incorrectly interpreted the meaning of "transaction or substantial portion thereof" in Civil Code section 1780, subdivision (c).

In *Brown,* employees of a highway construction project in Alameda County brought an action for emotional distress, wrongful discharge and racial discrimination in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). All causes of action were based on the same factual allegations. The defendants moved for a change of venue to Sacramento County on the grounds the individual defendants resided there, the corporate defendants' principal places of business were located there, and none of the defendants resided in Alameda County.

The Supreme Court determined the FEHA special venue provision prevailed over the general residence venue because the FEHA established a comprehensive scheme to combat employment discrimination, to protect a "fundamental" right. (*Brown* v. *Superior Court, supra,* 37 Cal.3d at pp. 485-486.) The wide choice of venue acts to "maximize[ ] the ability of persons aggrieved by employment discrimination to seek relief from the courts, and it facilitates the enforcement of the FEHA." (*Id.* at p. 486.) The Supreme Court reasoned if the FEHA venue provision did not prevail in mixed actions, the victims of employment discrimination, often unemployed, would face added litigation costs and difficulty obtaining legal representation, "dilut[ing] the efficacy of the injured employee's remedy . . . . The important civil rights which [FEHA] codifies would in turn be rendered meaningless." (*Id.* at p. 487.)

In contrast, the rights protected by the Consumers Legal Remedies Act do not rise to the level of a civil right. The Consumers Legal Remedies Act established a nonexclusive statutory remedy for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or

services to any consumer . . . ." (Civ. Code, § 1770.) The policy exception in *Brown* is therefore inapplicable.

The practical factors in *Brown* are also absent. Here, the plaintiffs are not disadvantaged or thwarted in pursuing litigation. Rather, they *seek* to represent a class of "millions of persons" throughout the United States and "reserve the right to seek a worldwide class of Milli Vanilli product purchasers." Moreover, several of the plaintiffs have filed a nearly identical claim in the United States District Court for the Central District of California.[9]

We reject Jeffrey's argument that this action should not be transferred because the Unfair Business Practices Act allows any court of competent jurisdiction to enjoin prohibited acts. Gallin's right to transfer the case, not jurisdiction, is the question. We similarly reject Jeffrey's claim the purchase of Milli Vanilli products in San Diego County constitutes a contract or transaction compelling venue in San Diego. In light of our conclusion, we do not discuss Gallin's remaining contention the court misinterpreted the meaning of "transaction or substantial portion thereof."

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

## DISPOSITION

Let a peremptory writ issue directing the superior court to vacate its order denying the motion to transfer venue and enter a new order granting the motion. The stay issued by order dated February 8, 1991, is vacated.

Kremer, P. J., and Wiener, J., concurred.

---

[9]*Kelton et al.* v. *Frank Farian et al.* (Case No. 90-6237-JSL (Gx)), contains an additional "RICO" (Racketeer Influenced Corrupt Organizations Act) cause of action (18 U.S.C. § 1962(a)).