[No. E014088. Fourth Dist., Div. Two. Nov. 22, 1994.]

COUNTY OF SAN BERNARDINO, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
REDEVELOPMENT AGENCY OF THE CITY OF ADELANTO et al.,
Real Parties in Interest.

## Counsel

Alan K. Marks, County Counsel, and Paul F. Mordy, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Christopher G. Norman, R. Zaiden Corrado and David J. Olivas for Real Parties in Interest.

## Opinion

**DABNEY, J.**—In this matter we are asked to join those unfortunate few of our colleagues who have been compelled to parse a statute which the mildest court has called "complicated" and the most forthright has accurately described as a "mass of cumbersome phraseology"—section 394 of the Code of Civil Procedure.[1] (Cf. *Colusa Air Pollution Control Dist.* v. *Superior Court* (1991) 226 Cal.App.3d 880, 889 [277 Cal.Rptr. 110]; *Fitzpatrick* v. *County*

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

*of Sonoma* (1929) 97 Cal.App. 588, 590 [276 P. 113].)[2] We conclude that the first operative clause of the statute operates as a removal clause. As a result, we find that petitioner the County of San Bernardino improperly attempted to lay venue in Riverside County, and that the trial court correctly granted the motion to change venue made on the basis of wrong court by real parties the City of Adelanto et al.[3]

## BACKGROUND

This action is one of several lawsuits arising out of Adelanto's efforts to gain some measure of control over the real property comprising George Air Force Base, after the federal authorities relinquish the property upon the closure of the military facility. However, in this case the issue is indirect; the County is suing to prevent Adelanto's expenditure of redevelopment funds in pursuit of the George Air Force Base property. County's theory is that Adelanto's use of the funds for this purpose is unlawful and, by delaying the satisfaction of legitimate redevelopment obligations, will also delay the accrual of County's right to enjoy the incremental increase in tax revenues attributable to property within the redevelopment zone.[4]

Adelanto is located within San Bernardino County. County originally brought this action in the superior court of Riverside County. Adelanto then filed its motion for change of venue, seeking a change to *Los Angeles County*. It asserted that County should have filed in San Bernardino County, but sought a change of venue to Los Angeles County because related actions directly challenging Adelanto's efforts to acquire George Air Force Base had either been brought there or had been transferred there.[5]

At the hearing, the trial court opined that "I don't think I have any authority to transfer the case to Los Angeles. But I do have the authority to send it back to San Bernardino. So under the appropriate law they can

---

[2]The *Fitzpatrick* court felt that the best way to set out the statute intelligibly was to remove about a third of its total verbiage. We follow this example in the body of our text, although we will set out the statute verbatim in a footnote.

[3]The defendants and real parties are the City of Adelanto, the Redevelopment Agency of the City of Adelanto, the mayor of Adelanto, and assorted past and present city councilmembers. We refer to real parties jointly as "Adelanto." Similarly, we refer to petitioner as "County."

[4]The complaint includes a breakdown of the allegedly unlawfully expended funds, including an astounding 2 million dollars for legal services. As mentioned later, Adelanto sought to change venue to Los Angeles County on the basis that "a number" of related lawsuits are pending in that county.

[5]Adelanto cited "judicial economy," but the statutory basis underlying its motion in this respect was "ends of justice and convenience of witnesses." (§ 397, subd. (c).) As the trial court apparently recognized, a motion for change of venue made on the basis of "wrong court" (§§ 396b, 397, subd. (a)) can *only* result in a transfer to a "proper" court, although a

send it wherever they'd like." This was the court's order, and this petition followed. We issued the alternative writ and set the matter for hearing.[6] (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96].)

## DISCUSSION

Stripped down to intelligibility (more or less) (see fn. 2), section 394 includes several distinct provisions relating to venue in actions in which a county, city, city and county, or local agency is either a plaintiff or defendant.[7] In the following redaction, we designate the relevant provisions as Clauses One, Two, and Three.

"[Clause One] An action or proceeding against a . . . city . . .may be tried in . . . the county in which such city . . . is situated, unless such action or proceeding is brought by a county . . . in which case it may be tried in any county . . . not a party thereto and in which the city . . . is not situated. [Clause Two] Whenever an action or proceeding is brought by a

motion made for the "ends of justice and convenience of witnesses" can result in a transfer to any agreed county or the nearest or most accessible unobjectionable court. (§ 398.)

Adelanto's motion was therefore a sort of peculiar hybrid. It was legally defective in that it failed to show that the convenience of witnesses would be in any way served by the transfer. (See *Dillman* v. *Superior Court* (1962) 205 Cal.App.2d 769, 773 [23 Cal.Rptr. 498], repeating the long-established rule that *both* the ends of justice and convenience of witnesses must be shown; *Buran Equipment Co.* v. *Superior Court* (1987) 190 Cal.App.3d 1662, 1667 [236 Cal.Rptr. 171], noting that the burden in this respect is on the moving party and observing with disfavor that "not one declaration has been lodged directed at that subject."

It is not clear from our record whether Adelanto had filed its answer at the time it moved for change of venue. If it had not, a motion could not legally be based on the ends of justice and convenience of witnesses. (*Buran Equipment Co.* v. *Superior Court*, 190 Cal.App.3d at p. 1665.) On the other hand, if Adelanto *has* answered, a motion based on "wrong court" would have been untimely. [§ 396b.] As County did not raise this objection, we assume that it was the forum non conveniens challenge which was improper. In any event, as Adelanto's efforts in this respect were either untimely or merely inadequate, we do not consider this issue further.

[6]In its traverse, petitioner points out that respondents have filed only a document entitled "responsive brief," which makes no effort to respond to the formal allegations of the petition. Our order issuing the alternative writ requested a formal return, as is customary when a case is placed on calendar for hearing. A "return" means either an answer or demurrer. (Cal. Rules of Court, rule 56(e). We commend to counsel's attention Mr. Witkin's discussion of the proper procedures, and the potential consequences for the failure to follow such procedures. (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs §§ 179-181, pp. 809-811.)

However, we proceed to the merits.

[7]Our summary omits this repetitive enumeration for the most part, and focusses on portions of the language relevant to our situation—an action by a *county* against a *city*. As can be seen from the full text, the relevant provisions apply equally to a local agency such as the defendant Redevelopment Agency. In our discussion of the cases, it should be remembered that the statute includes each form of entity within each provision relating to either entities as plaintiff or entities as defendant.

county . . . against a resident of another county . . . the action or proceeding must be, on motion of either party, transferred for trial to a county . . . other than the plaintiff . . . and other than that in which the defendant resides, or is doing business, or is situated. [Clause Three] Whenever an action or proceeding is brought against a . . . city, in any county . . . other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county . . . other than that in which the plaintiff resides . . . and other than the plaintiff county . . . and other than the . . . county in which such defendant city . . . is situated. . . ."[8]

---

[8]The version of section 394 to which we refer throughout is the one currently in effect. However, since 1915 the statute has undergone only changes which are insignificant to our purposes. (E.g. adding "local agency" to the list of covered entities; providing for venue in personal injury cases.)

The full text is as follows:

"(1) An action or proceeding against a county, or city and county, a city, or local agency, may be tried in such county, or city and county, or the county in which such city or local agency is situated, unless such action or proceeding is bought by a county, or city and county, a city or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated. Whenever an action or proceeding is brought by a county, city and county, city, or local agency within a certain county, or city and county, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, or a local agency, and other than that in which the defendant resides, or is doing business, or is situated. Whenever an action or proceeding is brought against a county, city and county, city, or local agency, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, or local agency, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city or local agency is situated, other than the defendant county, or city and county, or county in which such defendant city or local agency is situated; provided, however, that any action or proceeding against the city, county, city and county or local agency for injury occurring within the city, county, or city and county, or within the county in which such local agency is situated, to person or property or person and property caused by the negligence or alleged negligence of such city, county, city and county, local agency, or its agent or employees, shall be tried in such county, or city and county, or if a city is a defendant, in such city or in the county in which such city is situated, or if a local agency is a defendant, in such county in which such local agency is situated. In any such action or proceeding, the parties thereto may, by stipulation in writing, or made in open court, and entered in the minutes, agree upon any county, or city and county, for the place of trial thereof. When the action or proceeding is one in which a jury is not of right, or in case a jury be waived, then in lieu of transferring the cause the court in the original county may request the chairman of the Judicial Council to assign a disinterested judge from a neutral county to hear said cause and all proceedings in connection therewith. When such action or proceeding is transferred to another county for trial, a witness required to respond to a subpoena for a hearing within the original

With these provisions in mind, we turn to the primary authorities cited by the parties. We briefly describe these cases before turning to our own analysis.

In *County of Riverside* v. *Superior Court* (1968) 69 Cal.2d 828 [73 Cal.Rptr. 386, 447 P.2d 626], a private plaintiff sued the County of Riverside in the Superior Court of San Diego County. Under Clause Three, above, this choice of venue was arguably reasonable, because venue in Riverside County would have been subject to mandatory change on motion.[9] However, the Supreme Court treated the case as a Clause One matter (see fn. 5, quoting Clause One as the "pertinent" part of the statute), and held that under the *usual* venue rules (§§ 392, 393) venue was *only* proper in Riverside County, and that "section 394 is a removal statute which applies only when an action has been brought and is pending in a proper court." (69 Cal.2d at pp. 830-831.) Thus, when the trial court "granted" Riverside's motion for change of venue by transferring the action to *San Mateo County*, rather than to Riverside County as prayed, it erred, because Riverside was entitled to demand a transfer to the "proper court" under section 396b. Because Clause One provides that an action against a public entity *may* be tried in the county of its residence, there is no bar to such venue and it is preferred.[10]

First, we note that *County of Riverside* states that section 394 "is a removal statute," and holds that it does not control original venue. Such an approach

county shall be compelled to attend hearings in the county to which the cause is transferred. If the demand for transfer be made by one party and the opposing party does not consent thereto the additional costs of the nonconsenting party occasioned by the transfer of the cause, including living and traveling expenses of said nonconsenting party and material witnesses, found by the court to be material, and called by such nonconsenting party, not to exceed five dollars ($5) per day each in excess of witness fees and mileage otherwise allowed by law, shall be assessed by the court hearing the cause against the party requesting the transfer. To the extent of such excess, such costs shall be awarded to the nonconsenting party regardless of the outcome of the trial. This section shall apply to actions or proceedings now pending or hereafter brought.

"(2) Any court in a county hereinabove designated as a proper county, which has jurisdiction of the subject matter of the action or proceeding, is a proper court for the trial thereof.

"(3) For the purposes of this section, "local agency" shall mean any governmental district, board, or agency, or any other local governmental body or corporation, but shall not include the State of California or any of its agencies, departments, commissions, or boards."

[9]Oddly enough, however, only the *defendant* can obtain a change of venue to a neutral ground under Clause Three; the plaintiff cannot do so. As *County of Riverside* establishes that venue lies in the usual county, normally that of the defendant's residence, it would appear that few defendants would bother using Clause Three to change venue to a neutral county, much as the *plaintiff* might wish to do so.

[10]In the absence, of course, of other prevailing venue concepts; Thus, in *Colusa Air*, *supra*, the public entity was not entitled to demand a change to its own county because venue was properly laid in the residence county of *other* defendants.

We caution too that the statement in the text applies unambiguously only if the plaintiff is *not* a public entity. The proper interpretation of the next phrase, governing cases in which *both* sides are public entities, is the crux of this case.

had been taken in earlier cases such as *Fitzpatrick* v. *County of Sonoma, supra,* 97 Cal.App. 588, which held that the statute "affects only those cases properly *brought* in other counties . . . giving the option to the defendant county to have its cause tried away from the county of the residence of the plaintiff. . . . But those cases brought in other counties must, as a primary basis, be jurisdictionally [*sic*] properly within those counties." (97 Cal.App. at p. 594, italics added.) Second, although the comment in *County of Riverside* is broad enough to cover the entire section, concededly neither that case nor any of those upon which it relies for its statement that section 394 is only a removal statute involved an action with public entities on both sides. For example, *Fitzpatrick* v. *County of Sonoma* involved a private plaintiff and public defendant; the court held that the plaintiff was not entitled to choose any county she liked, but that the defendant county was entitled to demand original venue in a county which would be proper under the usual rules applicable to all defendants. (See also *Skidmore* v. *County of Solano* (1954) 128 Cal.App.2d 391, 394 [275 P.2d 613], and *San Jose Ice & Cold Storage Co.* v. *City of San Jose* (1937) 19 Cal.App.2d 62, 66 [64 P.2d 1099], both dealing with the same general alignment and character of parties.)

Following these cases, it has been generally accepted that section 394 "provides for *removal* of a case which is pending in a *proper* county. It is therefore not a venue statute." (*Colusa Air Pollution Control Dist.* v. *Superior Court, supra,* 226 Cal.App.3d at p. 889.) However, *Colusa Air* too, like *County of Riverside* and *Fitzpatrick,* involved suit by a private plaintiff and thus did not implicate the language which we must construe here.

The next significant case is *City of Alameda* v. *Superior Court* (1974) 42 Cal.App.3d 312 [116 Cal.Rptr. 806], in which the City of Oakland sued the City of Alameda. *City of Alameda* is therefore indisputably a Clause One case, as is the case at bar. However, in that case the plaintiff city sued the defendant city in Alameda County, in which *both* parties were situated. The holding of the case was simply that (under Clause One), transfer to a neutral county was mandatory upon application. (42 Cal.App.3d at p. 316.) Unlike this case, in *City of Alameda* venue was presumptively correct to begin with, being laid in the county of defendant city's "residence"; thus, the court had no cause to consider whether the plaintiff had had other options for laying venue.

Finally, in *Westinghouse Electric Corp.* v. *Superior Court* (1976) 17 Cal.3d 259 [131 Cal.Rptr. 231, 551 P.2d 847], the court dealt with the reverse of the *County of Riverside* situation. In *Westinghouse,* a plaintiff public agency sued private defendants. It was therefore a Clause Two case. Although *Westinghouse* was complicated by several factors not present here—for example, the

fact that the plaintiff agency operated within *several* counties (and a city and county)—the court had no difficulty applying Clause Two in favor of the defendant, a nonresident of the venue county in which the plaintiff operated, by recognizing the defendant's right to change venue to a neutral county.

Because it was specifically concerned only with Clause Two, *Westinghouse* is not directly applicable. However, it contains dicta upon which County here relies in favor of its election to commence proceedings in a neutral county. In a general discussion refuting one of the plaintiff's arguments, the court remarked that "[Clause One] specifies that an action pitting any agency, regional or single-county, against another governmental entity *may not even be brought in the home county of the local agency.*" (17 Cal.3d at pp. 267-268, italics added.) Thus, the quoted language from *Westinghouse* goes to the place of commencement of an action, and therefore assumes that the second phrase of Clause One, at least, is a *venue* statute which bars a plaintiff public agency from suing a defendant public entity in the county in which the plaintiff entity is located. Substitute "county" for "any agency," and you have the case at bar.

We are thus faced with competing pronouncements from our Supreme Court, one of which (*Westinghouse*) is clearly dicta, but is more recent than the other. (*County of Riverside.*) We now must choose which uncertain course to follow.

■ One of the primary purposes of section 394 is well-established. "The evident purpose is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral ground." (*City of Stockton* v. *Wilson* (1926) 79 Cal.App. 422, 424 [249 P. 835].) For example, in *Garrett* v. *Superior Court* (1947) 11 Cal.3d 245 [113 Cal.Rptr. 152, 520 P.2d 968], a nonresident defendant was allowed a change of venue under Clause Two in a condemnation action brought *by* Riverside County Flood Control and Water Conservation District *in* Riverside County, because ". . . it is still possible that a Riverside County juror will also be a District taxpayer with an interest in keeping the condemnation award unreasonably low. This situation would be precisely one which the Legislature must have intended to avoid by enacting section 394." (*Id.,* at p. 248.) And as the court pointed out in *City of Alameda, supra,* there is no need for a party to demonstrate an actual danger of prejudice; the statute "is designed to obviate the appearance of prejudice as well as actual prejudice or bias." (42 Cal.App.3d at p. 317.)

Moreover, "as the statute is remedial in its purpose, it should receive a liberal construction which will promote rather than frustrate the policy

behind the law." (*Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d at p. 266, citing *Finance & Construction Co.* v. *Sacramento* (1928) 204 Cal. 491, 493 [269 P. 167].)

This policy encourages transfer to a neutral ground, but it is obvious that such transfers—although often necessary, or at least desirable, to secure an impartial trier of fact—can also involve extra expense and inconvenience to the parties. Thus, the cases construing section 394 as a removal statute permit the action to be brought in a county which is convenient to at least one of the parties (the defendant) and in which, in most cases, evidence and documentation are to be found.

This construction is obvious with respect to Clauses Two and Three, which are structurally similar. (See fn. 8 for complete text.) Both begin "Whenever an action or proceeding is brought" involving a defined conjunction of parties and venue. Both then provide a remedy: ". . .the action or proceeding must be, on motion of [either party/defendant] transferred for trial. . . ." Thus, both statutes obviously apply *only after an action has been commenced and venue has been chosen.* Clearly these clauses are removal clauses, and do not relieve a party of the customary obligation to file the action in a "proper court" as defined by the venue rules found outside section 394. (E.g., §§ 392, 393, 395.) (See *County of Riverside, supra.*)

 However, Clause One looks different. It begins by providing that "An action or proceeding against a county, or city and county, a city, or local agency, may be tried in such county . . . or the county in which such city or local agency is situated." In contrast to Clauses Two and Three, Clause One does not explicitly begin by assuming that an action has *already* been brought. The first portion of Clause One has nothing upon which it could act as a removal provision. In our view, this part of Clause One simply affirms that, *in general,* an action against a public entity may be tried in the county in which it is located, *assuming* that venue in that county is otherwise proper. (*County of Riverside, supra;* cf. *Colusa Air, supra.*)

The *second* part of Clause One, however, creates an exception in the case in which *both* parties are public entities or agencies. It thus proceeds "*unless* such action [against a public entity or agency] is brought *by* a county, or city and county, a city, or local agency, in which case it may be tried in any county . . . not a party thereto and in which the city or local agency is not situated."

Neither party here disputes that this segment of Clause One means that an action between two public entities or agencies cannot be tried in the county

in which either resides—at least if there is an objection. (See *City of Alameda, supra.*) Where the parties differ is over whether this provision means that the County of San Bernardino was authorized in this case to *commence* its action in a neutral county, or whether it was incumbent upon the County to follow the usual venue rules in *commencing* the action, and then to seek a *transfer.*

The County relies on *Westinghouse, supra,* to support its construction. As we noted, the language to the effect that an action pitting two public entities against each other "may not even be brought in the home county of the local agency" is dicta. ▮ A lower court is not bound by dicta in the opinions of a higher court. (*Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 902 [160 Cal.Rptr. 124, 603 P.2d 41].) It is true that such language is often to be followed "where it demonstrates a thorough analysis of the issue or reflects compelling logic." (*Smith* v. *County of Los Angeles* (1989) 214 Cal.App.3d 266, 297 [262 Cal.Rptr. 754].) However, we have no obligation to follow Supreme Court dicta which we do *not* find compelling. (*Chevron U.S.A., Inc.* v. *Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265, 1272 [268 Cal.Rptr. 699].) ▮ In this case, the dicta in *Westinghouse* reflects no analysis of the particular problem before us and, in light of the fact that we are construing a different clause of section 394, we do not find it compelling.

Clause One provides that an action against a public entity or agency, "may be tried" in the county of defendant's residence; however, it also provides that, if public entities or agencies are on both sides, the action "may be tried" in a neutral county. As *City of Riverside* and subsequent cases explain, the latter provision does not affect the plaintiff's duty to *bring* the action in the proper court, which is usually the county in which defendant resides. What the latter provision does is conform with the remainder of the statute by creating an explicit exception: if *both* parties are public agencies or entities, the case may be tried in a neutral county. But just as Clauses Two and Three are removal provisions, so is this portion of Clause One. Although it is differently phrased, there is no reason to suppose that it is intended to create a completely different set of procedures by which neutral venue is to be obtained. Clause One authorizes an alternative site for "trial," and this alternative site can only be realized through a change of venue on proper motion.

This construction is consistent with, and promotes, both of the policies to which we have referred above. The action is commenced in a venue chosen according to the usual rules, which, as we have noted, is likely to be convenient to at least one party. In some cases, both parties will be satisfied

with the venue so chosen.[11] Furthermore, even if one party is dissatisfied, the inconveniences of transfer can, in a proper case,[12] be avoided by the expedient of appointing a judge from a neutral county to hear the case. On the other hand, if either party is concerned about the impartiality of the venue, transfer on application (or the appointment of a neutral judge) is mandatory (*City of Alameda* v. *Superior Court, supra,* 42 Cal.App.3d at p. 316) and Clause One covers this situation.

Finally, our construction prevents a *plaintiff* from unilaterally choosing venue by selecting the neutral county most satisfactory to it; as the court observed in *Fitzpatrick* v. *County of Sonoma, supra,* 97 Cal.App. 588, section 394 does not entitle the plaintiff to select any county it likes.[13] By requiring venue to be laid in one of the counties specified under the other venue statutes, we permit the trial court to exercise its discretion not only in choosing a neutral county in light of all factors, including the convenience of *both* sides, but also with respect to the option of requesting the appointment of a neutral judge.[14]

We conclude that the trial court correctly determined that it lacked the power to transfer the case to Los Angeles County,[15] but that it was required to transfer the case to the "proper court," being that of San Bernardino County.

The petition is denied. The alternative writ is discharged.

Ramirez, P. J., and McDaniel, J.,* concurred.

---

[11]This should often be true if both parties are agencies or entities located within the same county, although in this case Adelanto would apparently prefer Los Angeles County.

[12]E.g., one in which there is no right to a jury or a jury is waived.

[13]We recognize that even among public entities and agencies, there may be a "mixed action" in which the plaintiff has a choice of venue counties not limited to that of the defendant's residence. In such a case, section 394 would not appear to affect the plaintiff's right to select among proper venues. Section 394 *would,* however, prevent the defendant from exercising his usual (*Gallin* v. *Superior Court* (1991) 230 Cal.App.3d 541, 544-545 [281 Cal.Rptr. 304]) right to change venue to the county of its residence.

[14]This is the answer to the argument on petitioner's side that affirming the trial court's order of transfer back to San Bernardino is an idle act, because petitioner is entitled to seek an immediate change.

[15]At least under the "wrong court" approach; see footnote 5, *ante.*

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.